EMILY F. EVITT (SBN 261491)
GABRIELLA N. ISMAJ (SBN 301594)
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

J. MATTHEW WILLIAMS (*pro hac vice*)
MITCHELL SILBERBERG & KNUPP LLP
1818 N Street N.W., Suite 700
Washington, D.C. 20036
Telephone: (202) 355-7900

Attorneys for Defendant
Hive Media Group, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| JEFFERY R. WERNER,<br><br>           Plaintiff,<br><br>        v.<br><br>HIVE MEDIA GROUP, LLC,<br><br>           Defendant. | CASE NO. 21CV1560-TWR(RBB)<br><br>***Transferred from U.S. Dist. Court for Delaware, Case No. 1:20-CV-01176-LPS***<br><br>**DECLARATION OF GABRIELLA N. ISMAJ IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PLAINTIFF TO PRODUCE DOCUMENTS AND TO PROVIDE FURTHER RESPONSES TO INTERROGATORIES**<br><br>Discovery Document: Referred to Magistrate Judge Ruben B. Brooks<br><br>[Notice of Motion, Memorandum of Points and Authorities, and Proposed Order filed concurrently herewith]<br><br>Date/Time:  TBD (*Court to issue hearing date/time*) |

Mitchell
Silberberg &
Knupp LLP

14027340.1

CASE NO. 3:21-CV-01560

**DECLARATION OF GABRIELLA N. ISMAJ**

## DECLARATION OF GABRIELLA N. ISMAJ

I, GABRIELLA N. ISMAJ, declare as follows:

1.      I am an attorney at law duly licensed to practice law in the State of California and before this Court.  I am an attorney in the law firm of Mitchell Silberberg & Knupp LLP, attorneys of record for Defendant Hive Media Group, LLC ("Defendant").  I have personal knowledge of the following facts, and if called and sworn as a witness, could and would competently testify thereto.

2.      I submit this declaration in support of Defendant's Motion to Compel Plaintiff Jeffery R. Werner ("Plaintiff") to Produce Documents In Response to Defendant's First Set of Requests for Production (the "Requests for Production") and to Provide Further Responses to Defendant's First Set of Interrogatories (the "Interrogatories").

## I.      The Discovery Requests and Responses At Issue

3.      Attached hereto as **Exhibit A** is a true and correct copy of the Requests for Production, which were served on Plaintiff on or about November 22, 2021.

4.      Attached hereto as **Exhibit B** is a true and correct copy of the Interrogatories, which were served on Plaintiff on or about November 24, 2021.

5.      Plaintiff's responses to the Requests for Production and Interrogatories were initially due on or about December 22 and 24, 2021, respectively.  On or about December 20, 2021, Plaintiff requested that Defendant extend the deadline to respond to the Requests for Production and Interrogatories to January 17, 2022. Defendant agreed to Plaintiff's request.

6.      Attached hereto as **Exhibit C** is a true and correct copy of Plaintiff's Objections and Responses to the Requests for Production dated January 17, 2022.

7.      Attached hereto as **Exhibit D** is a true and correct copy of Plaintiff's Objections and Responses to the Interrogatories dated January 17, 2022.

8.      Attached hereto as **Exhibit E** is a true and correct copy of Plaintiff's Supplemental Responses to the Interrogatories dated February 18, 2022.

Mitchell
Silberberg &
Knupp LLP
14027340.1

## II.   The Parties' Meet and Confer Efforts

9.     The parties have diligently met and conferred regarding Plaintiff's responses to the Requests for Production and Interrogatories, including by exchanging letters, participating in multiple telephone conferences and corresponding by email.

10.    Attached hereto as **Exhibit F** is a true and correct copy of a letter from Defendant to Plaintiff regarding the Interrogatories dated February 1, 2022.

11.    Attached hereto as **Exhibit G** is a true and correct copy of a letter from Defendant to Plaintiff regarding the Requests for Production dated February 1, 2022.

12.    Attached hereto as **Exhibit H** is a true and correct copy of a letter from Plaintiff to Defendant dated February 3, 2022, responding to Defendant's February 1, 2022 letter regarding the Requests for Production.

13.    Attached hereto as **Exhibit I** is a true and correct copy of a letter from Plaintiff to Defendant dated February 4, 2022, responding to Defendant's February 1, 2022 letter regarding the Interrogatories.

14.    Attached hereto as **Exhibit J** is a true and correct copy of a letter from Plaintiff to Defendant dated February 6, 2022, further responding to Defendant's February 1, 2022 letter regarding the Requests for Production.

15.    Following the exchange of the letters attached as **Exhibits F-J**, the parties participated in telephonic meet and confer conferences on February 7, 2022 and February 9, 2022.  The parties subsequently exchanged email correspondence to further address and attempt to resolve the outstanding disputes.

16.    Attached hereto as **Exhibit K** is a true and correct copy of an email from Defendant to Plaintiff dated February 9, 2022.

17.    Attached hereto as **Exhibit L** is a true and correct copy of an email from Plaintiff to Defendant dated February 14, 2022.

Mitchell
Silberberg &
Knupp LLP

14027340.1

3   CASE NO. 3:21-CV-01560-TWR-RBB
**DECLARATION OF GABRIELLA N. ISMAJ**

18.     Attached hereto as **Exhibit M** is a true and correct copy of an email chain between Plaintiff and Defendant dated February 20-21, 2022.

19.     Attached hereto as **Exhibit N** is a true and correct copy of an email chain between Plaintiff and Defendant dated February 25-March 3, 2022.

20.     Through the efforts outlined above, the parties have made progress and resolved the majority of their disputes.  However, Plaintiff still refuses to produce relevant and discoverable documents and information in response to certain of Defendant's requests.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of March, 2022, at Los Angeles, California.

/s/ Gabriella N. Ismaj
Gabriella N. Ismaj

Mitchell
Silberberg &
Knupp LLP

14027340.1

**DECLARATION OF GABRIELLA N. ISMAJ**

# EXHIBIT A

EMILY F. EVITT (SBN 261491)
GABRIELLA A. NOURAFCHAN (SBN 301594)
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

J. MATTHEW WILLIAMS (*pro hac vice*)
MITCHELL SILBERBERG & KNUPP LLP
1818 N Street N.W., Suite 700
Washington, D.C. 20036
Telephone: (202) 355-7900

Attorneys for Defendant
Hive Media Group, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### SAN DIEGO DIVISION

| | |
|---|---|
| JEFFERY R. WERNER,<br><br>Plaintiff,<br><br>v.<br><br>HIVE MEDIA GROUP, LLC,<br><br>Defendant. | CASE NO. 21CV1560-TWR(RBB)<br><br>***Transferred from U.S. Dist. Court for Delaware, Case No. 1:20-CV-01176-LPS***<br><br>**DEFENDANT HIVE MEDIA GROUP, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF JEFFREY R. WERNER** |

PROPOUNDING PARTY:     Defendant Hive Media Group, LLC

RESPONDING PARTY:       Plaintiff Jeffrey R. Werner

SET NO.:                              One (1)

Mitchell
Silberberg &
Knupp LLP

13751163.2

CASE NO. 3:21-CV-01560
**DEFENDANT HIVE MEDIA GROUP, LLC'S FIRST SET OF RFPS
TO PLAINTIFF JEFFREY R. WERNER**           **Exhibit A
Page 6**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of California, Defendant Hive Media Group, LLC, by and through its attorneys, hereby demands that Plaintiff Jeffrey R. Werner ("Plaintiff") produce the following documents and things in his possession, custody and control, within thirty (30) days after service hereof, at the offices of Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, California 90067.  Pursuant to the Discovery Plan agreed upon by the parties, Plaintiff shall search for and produce all responsive documents within the possession, custody or control of Incredible Features, Inc. and/or Mr. Scott Wolffe and his company.

## INSTRUCTIONS

1.      These Requests for Production ("Requests") are continuing in nature, so as to require that supplemental answers be served if further or different information is obtained with respect to any Request.

2.      For all purposes herein, spelling, grammar, syntax, abbreviations, idioms and proper nouns shall be construed and interpreted to give proper meaning and consistency to their context.

3.      For all purposes herein, any word written in the singular herein shall be construed as plural or vice versa when necessary to bring within the scope of the Request all responses that otherwise might be construed as outside its scope.

4.      For all purposes herein, the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

5.      For all purposes herein, "all" and "each" shall be construed as all and each.

Mitchell
Silberberg &
Knupp LLP

13751163.2

2                      CASE NO. 3:21-CV-01560
**DEFENDANT HIVE MEDIA GROUP, LLC'S FIRST SET OF RFPS**
**TO PLAINTIFF JEFFREY R. WERNER**            **Exhibit A**

6.      No part of any Request shall be left unanswered merely because an objection has been interposed to another part of the Request.

7.      In accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any Request or part thereof, and information is not provided on the basis of such assertion:

A.      In asserting the privilege, YOU shall, in the objection to the Request, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked.

B.      The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information:

(1)  For oral COMMUNICATIONS:

a.  the name of the person making the COMMUNICATION and the names of persons present while the COMMUNICATION was made, and, where not apparent, the relationship of the persons present to the person making the COMMUNICATION;

b.  the date and place of the COMMUNICATION; and

c.  the general subject matter of the COMMUNICATION.

(2)  For DOCUMENTS:

a.  the type of DOCUMENT (e.g., letter or memorandum),

b.  the general subject matter of the DOCUMENT,

c.  the date of the DOCUMENT, and

d.  such other information as is sufficient to identify the DOCUMENT, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

Mitchell
Silberberg &
Knupp LLP

13751163.2

3                          CASE NO. 3:21-CV-01560
**DEFENDANT HIVE MEDIA GROUP, LLC'S FIRST SET OF RFPS**
**TO PLAINTIFF JEFFREY R. WERNER**            **Exhibit A**
                                              **Page 8**

8.     A DOCUMENT is deemed to be in YOUR control if YOUR agents, attorneys, or REPRESENTATIVES have actual physical possession of the DOCUMENT or a copy thereof, or if YOU have the right to secure the DOCUMENT or a copy thereof from another PERSON or public or private ENTITY having actual physical possession thereof.

9.     If YOU are aware of any DOCUMENTS responsive to these Requests which are not in YOUR possession, custody, or control, set forth: (a) the nature of the DOCUMENT; (b) the date of the DOCUMENT; (c) the author of the DOCUMENT; (d) all intended recipients of the DOCUMENT; and (e) the name and address of the PERSON or ENTITY in possession, custody, and control of the DOCUMENT.

10.     DOCUMENTS shall be produced in the order in which they appear in their original files or other storage areas, and shall not be shuffled or otherwise rearranged.

11.     This discovery is continuing in nature.  If, after YOU respond to the following Requests, YOU discover additional responsive DOCUMENTS, YOU must furnish such DOCUMENTS.  HIVE will object at trial to any attempt to introduce DOCUMENTS that should have been but were not produced in YOUR DOCUMENT production or supplementation of DOCUMENT production.

## **DEFINITIONS**

1.     "YOU," "YOUR," "WERNER," and "PLAINTIFF" shall mean Plaintiff Jeffrey R. Werner, his agents, attorneys, and REPRESENTATIVES.

2.     "DEFENDANT" and "HIVE" shall mean Defendant Hive Media Group, LLC, and its agents, attorneys, and REPRESENTATIVES.

3.     "IFI" shall mean Incredible Features, Inc., and its agents, attorneys, and REPRESENTATIVES, INCLUDING Scott Wolffe and his company.

4.     "ACTION" shall mean the above-captioned litigation.

Mitchell
Silberberg &
Knupp LLP

13751163.2

4                    CASE NO. 3:21-CV-01560
**DEFENDANT HIVE MEDIA GROUP, LLC'S FIRST SET OF RFPS
TO PLAINTIFF JEFFREY R. WERNER          Exhibit A
Page 9**

5.     "COMPLAINT" shall mean the Complaint filed in the ACTION on September 3, 2020.

6.     "WORKS" shall mean the photographs alleged to be infringed by HIVE and identified in the COMPLAINT.

7.     "COPYRIGHT REGISTRATIONS" shall mean the copyright registrations for the WORKS.

8.     "DOCUMENT" or "DOCUMENTS" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 26 and 34.  It is used in its customary broad sense to include, without limitation, all permanent and/or semi-permanent records, writings, things or documents of every type, in any tangible medium, whether created by device or written by hand, INCLUDING without limitation:  correspondence, facsimiles, telegrams, telexes, e-mail or other written and/or electronic communications, memoranda, stenographic and handwritten notes, summaries, records of personal conversations, diaries, reports, notebooks, surveys, statistical compilations, charts, graphs, plans, illustrations, photographs, diagrams, pictures, drawings of every type, blue lines, prints, films, studies, publications, books, pamphlets, recordings in any form (analog or digital, on cassette, compact disc, or any digital or computer recognizable format), checks, bank statements, income tax forms, other tax forms, minutes or records of meetings, reports and/or summaries of investigations, opinions or reports of consultants, contracts, memoranda of AGREEMENT(S), microfilm, microfiche, and electronic or computerized data compilations, computer records, computer tapes, disks, and printouts.  A draft or non-identical copy is a separate DOCUMENT within the meaning of this term.  Any such DOCUMENT on any sheet or side thereof, any marks, such as (but not limited to) stamped indicia, comments or notations, of any character and not a part of the original text or photographic reproduction thereof, is to be considered and identified as a separate

Mitchell
Silberberg &
Knupp LLP

13751163.2

5                        CASE NO. 3:21-CV-01560
**DEFENDANT HIVE MEDIA GROUP, LLC'S FIRST SET OF RFPS
TO PLAINTIFF JEFFREY R. WERNER**                    **Exhibit A
Page 10**

DOCUMENT.  This definition specifically incorporates electronically stored information ("ESI") as that term is used by Fed. R. Civ. P. 34.  For the purposes of clarity, DOCUMENTS include written COMMUNICATIONS.

9.      "COMMUNICATION" or "COMMUNICATIONS" shall refer to the transmittal of information (in the form of facts, ideas, inquiries or otherwise), in any manner and/or medium.

10.      "AGREEMENT" shall mean any written or oral agreement, contract, or understanding, whether communicated orally, memorialized informally, or memorialized in a formal writing.

11.      "INCLUDING" means including, but not limited to.

12.      "CONCERNING" means relating to, referring to, describing, evidencing, comprising, constituting, discussing, evaluating, analyzing, evidencing, concerning and/or supporting in whole or in part.

13.      "PERSON" means any natural person or any business, legal or governmental entity or association.

14.      "ENTITY" means a partnership, corporation, proprietorship, association, government or any other government or business organization, whether formal or informal.

15.      "REPRESENTATIVES" shall mean and include the past and present agents, representatives, attorneys, employees and affiliates, and anyone else acting on behalf of, the individual or entity designated.

16.      "REQUESTS" shall mean requests, offers, proposals, and inquiries.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS, INCLUDING all COMMUNICATIONS, CONCERNING YOUR and/or IFI's discovery of HIVE's alleged infringement of

Mitchell
Silberberg &
Knupp LLP

13751163.2

6

CASE NO. 3:21-CV-01560
**DEFENDANT HIVE MEDIA GROUP, LLC'S FIRST SET OF RFPS
TO PLAINTIFF JEFFREY R. WERNER**          **Exhibit A
Page 11**

the WORKS, INCLUDING the methods used to discover the alleged infringement and the timing of the discovery.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS, INCLUDING all COMMUNICATIONS, CONCERNING HIVE, websites owned by HIVE and/or this ACTION.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS between YOU and/or IFI and HIVE, including all COMMUNICATIONS CONCERNING the WORKS and/or this ACTION.

**REQUEST FOR PRODUCTION NO. 4:**

All settlement AGREEMENTS between YOU or IFI and any PERSON or ENTITY regarding the alleged infringement of any of YOUR or IFI's copyrights.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS, INCLUDING all COMMUNICATIONS, CONCERNING the COPYRIGHT REGISTRATIONS.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS, INCLUDING all COMMUNICATIONS, CONCERNING all facts stated in the COPYRIGHT REGISTRATIONS, INCLUDING the group registration of any of the WORKS.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS, INCLUDING all COMMUNICATIONS and AGREEMENTS, CONCERNING the licensing, reproduction, sale, posting online, distribution, display or other exploitation in any form or medium of any photographs the copyrights to which were or are owned by YOU and/or IFI, INCLUDING the WORKS and other photographs registered with the WORKS, at any time, INCLUDING all DOCUMENTS CONCERNING uses for which no compensation was required.

Mitchell
Silberberg &
Knupp LLP

13751163.2

7                                      CASE NO. 3:21-CV-01560
**DEFENDANT HIVE MEDIA GROUP, LLC'S FIRST SET OF RFPS
TO PLAINTIFF JEFFREY R. WERNER**                    **Exhibit A
Page 12**

1    **REQUEST FOR PRODUCTION NO. 8:**

2       All DOCUMENTS, INCLUDING all COMMUNICATIONS,

3    CONCERNING any REQUESTS received by YOU and/or IFI to obtain a license to

4    use any photograph the copyrights to which were or are owned by YOU or IFI,

5    INCLUDING any of the WORKS.

6    **REQUEST FOR PRODUCTION NO.9:**

7       All DOCUMENTS, INCLUDING all COMMUNICATIONS,

8    CONCERNING any revenue earned by YOU and/or IFI from the licensing,

9    reproduction, sale, distribution, display or other exploitation in any form or medium

10   of any photograph, including the WORKS and the other photographs registered with

11   the WORKS, the copyrights to which were or are owned by YOU or IFI.

12   **REQUEST FOR PRODUCTION NO. 10:**

13      DOCUMENTS sufficient to show all revenue earned by YOU and/or IFI from

14   the licensing, reproduction, sale, distribution or other exploitation in any form or

15   medium of any photograph the copyrights to which were or are owned by YOU or

16   IFI, including the WORKS and the other photographs registered with the WORKS.

17   **REQUEST FOR PRODUCTION NO. 11:**

18      All DOCUMENTS, INCLUDING all COMMUNICATIONS,

19   CONCERNING any publication or online posting of any of the WORKS or other

20   photographs registered with the WORKS, by YOU and/or IFI, INCLUDING on

21   social media, articles, blogs and/or websites.

22   **REQUEST FOR PRODUCTION NO. 12:**

23      All DOCUMENTS, INCLUDING all COMMUNICATIONS,

24   CONCERNING any publication or online posting of any of the WORKS or other

25   photographs registered with the WORKS by any PERSON or ENTITY,

26   INCLUDING on social media, articles, blogs and/or websites.

27

28

Mitchell
Silberberg &
Knupp LLP

13751163.2

8                                    CASE NO. 3:21-CV-01560
**DEFENDANT HIVE MEDIA GROUP, LLC'S FIRST SET OF RFPS**
**TO PLAINTIFF JEFFREY R. WERNER**        **Exhibit A**
                                          **Page 13**

1   **REQUEST FOR PRODUCTION NO.13:**

2        All DOCUMENTS, INCLUDING all COMMUNICATIONS,

3   CONCERNING the creation of the WORKS and the other photographs registered

4   with the WORKS, or ownership of copyrights therein.

5   **REQUEST FOR PRODUCTION NO. 14:**

6        All DOCUMENTS, INCLUDING all COMMUNICATIONS,

7   CONCERNING any copyright management information associated with any copies

8   of the WORKS, INCLUDING all DOCUMENTS and COMMUNICATIONS

9   CONCERNING the alleged removal of copyright management information from

10  any of the WORKS by HIVE.

11  **REQUEST FOR PRODUCTION NO. 15:**

12       All DOCUMENTS, INCLUDING all COMMUNICATIONS,

13  CONCERNING the subjects depicted in any of the WORKS, INCLUDING any

14  AGREEMENTS with the subjects and/or DOCUMENTS CONCERNING the

15  subjects' publication or online posting of any of the WORKS.

16  **REQUEST FOR PRODUCTION NO. 16:**

17       All DOCUMENTS, INCLUDING all COMMUNICATIONS,

18  CONCERNING the costs incurred by YOU and/or IFI in connection with

19  photoshoots conducted for any of the WORKS.

20  **REQUEST FOR PRODUCTION NO. 17:**

21       All DOCUMENTS, INCLUDING all COMMUNICATIONS,

22  CONCERNING YOUR alleged damages asserted in the COMPLAINT.

23  **REQUEST FOR PRODUCTION NO. 18:**

24       All DOCUMENTS, INCLUDING all COMMUNICATIONS,

25  CONCERNING YOUR alleged lost revenue caused by HIVE's alleged

26  infringement of the WORKS asserted in the COMPLAINT.

27

28

Mitchell
Silberberg &
Knupp LLP

13751163.2

9                          CASE NO. 3:21-CV-01560
**DEFENDANT HIVE MEDIA GROUP, LLC'S FIRST SET OF RFPS
TO PLAINTIFF JEFFREY R. WERNER            Exhibit A
Page 14**

1 **REQUEST FOR PRODUCTION NO. 19:**

2      All DOCUMENTS, INCLUDING all COMMUNICATIONS,

3 CONCERNING YOUR and/or IFI's practices for identifying and/or locating

4 potential infringements of YOUR or IFI's copyrights.

5 **REQUEST FOR PRODUCTION NO. 20:**

6      All DOCUMENTS, INCLUDING all COMMUNICATIONS,

7 CONCERNING YOUR and/or IFI's enforcement of YOUR or IFI's copyrights,

8 INCLUDING all DOCUMENTS reflecting settlement payments, judgments in

9 YOUR favor and/or other economic benefits of pursuing infringement claims.

10 **REQUEST FOR PRODUCTION NO. 21:**

11      All DOCUMENTS, INCLUDING all COMMUNICATIONS,

12 CONCERNING any damages YOU requested and/or obtained in other copyright

13 infringement lawsuits in which YOU or IFI are and/or were a party.

14 **REQUEST FOR PRODUCTION NO. 22:**

15      All DOCUMENTS, INCLUDING all COMMUNICATIONS,

16 CONCERNING YOUR market share and market relevance, INCLUDING

17 DOCUMENTS CONCERNING any decline in market relevance suffered by YOU.

18 **REQUEST FOR PRODUCTION NO. 23:**

19      All engagement AGREEMENTS between YOU or IFI and any attorney

20 engaged by YOU CONCERNING copyright matters from any time period.

21 **REQUEST FOR PRODUCTION NO. 24:**

22      All AGREEMENTS between YOU and IFI from any time period,

23 INCLUDING any common interest AGREEMENTS.

24 **REQUEST FOR PRODUCTION NO. 25:**

25      All DOCUMENTS, INCLUDING all COMMUNICATIONS,

26 CONCERNING any AGREEMENTS between YOU and IFI.

27

28

Mitchell
Silberberg &
Knupp LLP

13751163.2

10        CASE NO. 3:21-CV-01560
**DEFENDANT HIVE MEDIA GROUP, LLC'S FIRST SET OF RFPS
TO PLAINTIFF JEFFREY R. WERNER**    **Exhibit A
Page 15**

1

2     DATED: NOVEMBER 22, 2021          RESPECTFULLY SUBMITTED,

3                                       EMILY F. EVITT
                                        J. MATTHEW WILLIAMS
4                                       GABRIELLA A. NOURAFCHAN
                                        MITCHELL SILBERBERG & KNUPP LLP

5

6                                       By:/s/ J. Matthew Williams
                                            Emily F. Evitt
7                                           J. Matthew Williams
                                            Gabriella A. Nourafchan
8                                           Attorneys for Defendant
                                            Hive Media Group, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        11          CASE NO. 3:21-CV-01560
                        DEFENDANT HIVE MEDIA GROUP, LLC'S FIRST SET OF RFPS
                          TO PLAINTIFF JEFFREY R. WERNER          Exhibit A
                                                                  Page 16

# EXHIBIT B

1  EMILY F. EVITT (SBN 261491)
   GABRIELLA A. NOURAFCHAN (SBN 301594)
2  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
3  Los Angeles, CA  90067-3120
   Telephone: (310) 312-2000
4  Facsimile: (310) 312-3100

5  J. MATTHEW WILLIAMS (*pro hac vice*)
   MITCHELL SILBERBERG & KNUPP LLP
6  1818 N Street N.W., Suite 700
   Washington, D.C. 20036
7  Telephone: (202) 355-7900

8  Attorneys for Defendant
   Hive Media Group, LLC

9

10                UNITED STATES DISTRICT COURT

11            SOUTHERN DISTRICT OF CALIFORNIA

12                   SAN DIEGO DIVISION

13  JEFFERY R. WERNER,                CASE NO. 21CV1560-TWR(RBB)

14           Plaintiff,              ***Transferred from U.S. Dist. Court for Delaware, Case No. 1:20-CV-01176-LPS***

15       v.

16  HIVE MEDIA GROUP, LLC,           **DEFENDANT HIVE MEDIA GROUP, LLC'S FIRST SET OF INTERROGATORIES TO DEFENDANT ANDREW MARTIN**

17           Defendant.

18

19  PROPOUNDING PARTY:      Defendant Hive Media Group, LLC

20  RESPONDING PARTY:       Plaintiff Jeffrey R. Werner

21  SET NO.:                One (1)

22

23

24

25

26

27

28

                                        CASE NO. 3:21-CV-01560
        **DEFENDANT'S FIRST SET OF INTERROGATORIES TO
        PLAINTIFF JEFFREY R. WERNER**          **Exhibit B
                                                Page 18**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of California, Defendant Hive Media Group, LLC, by and through its attorneys, hereby demands that Plaintiff Jeffrey R. Werner, respond, in writing, to this First Set of Interrogatories (the "Interrogatories") separately and fully, under oath, within 30 days of service hereof.

## **INSTRUCTIONS**

1.      The instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as his agents, representatives, and, unless privileged, attorneys.

2.      These Interrogatories are continuing in nature, so as to require that supplemental answers be served if further or different information is obtained with respect to any Interrogatory.

3.      For all purposes herein, spelling, grammar, syntax, abbreviations, idioms and proper nouns shall be construed and interpreted to give proper meaning and consistency to their context.

4.      For all purposes herein, any word written in the singular herein shall be construed as plural or vice versa when necessary to bring within the scope of the Interrogatory all responses that otherwise might be construed as outside its scope.

5.      For all purposes herein, the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside of his scope.

6.      For all purposes herein, "all" and "each" shall be construed as all and each.

7.      No part of an Interrogatory should be left unanswered merely because an objection is interposed to another part of the Interrogatory.  If a partial or

Mitchell
Silberberg &
Knupp LLP

13751225.2

2                                        CASE NO. 3:21-CV-01560
**DEFENDANT'S FIRST SET OF INTERROGATORIES TO
PLAINTIFF JEFFREY R. WERNER**                    **Exhibit B
Page 19**

1  incomplete answer is provided, YOU shall state that the answer is partial or

2  incomplete.

3      8.      In accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege

4  is asserted in objecting to any Interrogatory or part thereof, and information is not

5  provided on the basis of such assertion:

6      A.      In asserting the privilege, YOU shall, in the objection to the

7  Interrogatory, or part thereof, identify with specificity the nature of the privilege

8  (including work product) that is being claimed and, if the privilege is governed by

9  state law, indicate the state's privilege rule being invoked.

10     B.      The following information should be provided in the objection, if

11  known or reasonably available, unless divulging such information would cause

12  disclosure of the allegedly privileged information:

13     (1)  For oral COMMUNICATIONS:

14         a.  the name of the person making the COMMUNICATION and the

15  names of persons present while the COMMUNICATION was made, and, where not

16  apparent, the relationship of the persons present to the person making the

17  COMMUNICATION;

18         b.  the date and place of the COMMUNICATION; and

19         c.  the general subject matter of the COMMUNICATION.

20     (2)  For DOCUMENTS:

21         a.  the type of DOCUMENT (e.g., letter or memorandum),

22         b.  the general subject matter of the DOCUMENT,

23         c.  the date of the DOCUMENT, and

24         d.  such other information as is sufficient to identify the DOCUMENT,

25  including, where appropriate, the author, addressee, custodian, and any other

26  recipient of the document, and where not apparent, the relationship of the author,

27  addressee, custodian, and any other recipient to each other.

28

Mitchell
Silberberg &
Knupp LLP

13751225.2

3                    CASE NO. 3:21-CV-01560
**DEFENDANT'S FIRST SET OF INTERROGATORIES TO
PLAINTIFF JEFFREY R. WERNER**          **Exhibit B
Page 20**

9.     If YOU elect to specify and produce business records in answer to any Interrogatory, the specification shall be in sufficient detail to permit WIXEN to locate and IDENTIFY, as readily as YOU can, the business records from which the answer may be ascertained.

10.    If, in answering these Interrogatories, YOU encounter any ambiguities when construing a question, instruction, or definition, YOUR answer shall set forth the matter deemed ambiguous and the construction used in answering.

## **DEFINITIONS**

1.     "YOU," "YOUR," "WERNER," and "PLAINTIFF" shall mean Plaintiff Jeffrey R. Werner, his agents, attorneys, and REPRESENTATIVES, INCLUDING IFI.

2.     "DEFENDANT" and "HIVE" shall mean Defendant Hive Media Group, LLC, and its agents, attorneys, and REPRESENTATIVES.

3.     "IFI" shall mean Incredible Features, Inc., and its agents, attorneys, and REPRESENTATIVES, INCLUDING Scott Wolffe and his company. This definition is in no way an admission that IFI is properly within the scope of any privilege, whether it be attorney-client, work product, common interest, or any other privilege.

4.     "ACTION" shall mean the above-captioned litigation.

5.     "COMPLAINT" shall mean the Complaint filed in the ACTION on September 3, 2020.

6.     "WORKS" shall mean the photographs alleged to be infringed by HIVE and identified in the COMPLAINT.

7.     "COPYRIGHT REGISTRATIONS" shall mean the copyright registrations for the WORKS identified in the COMPLAINT.

Mitchell Silberberg & Knupp LLP

13751225.2

4

CASE NO. 3:21-CV-01560

**DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF JEFFREY R. WERNER**

**Exhibit B**
**Page 21**

8.    "LICENSE" means to authorize the use, reproduction, distribution, display, posting online and/or other exploitation of any work, or portion thereof, in any form or medium.

9.    "DOCUMENT" or "DOCUMENTS" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 26 and 34.  It is used in its customary broad sense to include, without limitation, all permanent and/or semi-permanent records, writings, things or documents of every type, in any tangible medium, whether created by device or written by hand, INCLUDING without limitation:  correspondence, facsimiles, telegrams, telexes, e-mail or other written and/or electronic communications, memoranda, stenographic and handwritten notes, summaries, records of personal conversations, diaries, reports, notebooks, surveys, statistical compilations, charts, graphs, plans, illustrations, photographs, diagrams, pictures, drawings of every type, blue lines, prints, films, studies, publications, books, pamphlets, recordings in any form (analog or digital, on cassette, compact disc, or any digital or computer recognizable format), checks, bank statements, income tax forms, other tax forms, minutes or records of meetings, reports and/or summaries of investigations, opinions or reports of consultants, contracts, memoranda of agreement(s), microfilm, microfiche, and electronic or computerized data compilations, computer records, computer tapes, disks, and printouts.  A draft or non-identical copy is a separate DOCUMENT within the meaning of this term.  Any such DOCUMENT on any sheet or side thereof, any marks, such as (but not limited to) stamped indicia, comments or notations, of any character and not a part of the original text or photographic reproduction thereof, is to be considered and identified as a separate DOCUMENT.  This definition specifically incorporates electronically stored information ("ESI") as that term is used by Fed. R. Civ. P. 34.  For the purposes of clarity, DOCUMENTS include written COMMUNICATIONS.

Mitchell
Silberberg &
Knupp LLP

13751225.2

5                         CASE NO. 3:21-CV-01560
**DEFENDANT'S FIRST SET OF INTERROGATORIES TO
PLAINTIFF JEFFREY R. WERNER**                **Exhibit B
Page 22**

10.     "COMMUNICATION" or "COMMUNICATIONS" or "COMMUNICATED" shall refer to the transmittal of information (in the form of facts, ideas, inquiries or otherwise), in any manner and/or medium.

11.     "AGREEMENT" shall mean any written or oral agreement, contract, or understanding, whether communicated orally, memorialized informally, or memorialized in a formal writing.

12.     "INCLUDING" means including, but not limited to.

13.     "CONCERNING" means relating to, referring to, describing, evidencing, comprising, constituting, discussing, evaluating, analyzing, evidencing, concerning and/or supporting in whole or in part.

14.      "PERSON" means any natural person or any business, legal or governmental entity or association.

15.     "ENTITY" means a partnership, corporation, proprietorship, association, government or any other government or business organization, whether formal or informal.

16.     "REPRESENTATIVES" shall mean and include the past and present agents, representatives, attorneys, employees and affiliates, and anyone else acting on behalf of, the individual or entity designated.

17.     "IDENTIFY" (with respect to PERSONS):  When referring to a PERSON, to "identify" means to state the PERSON'S full name, present or last known address and email address, and, when referring to a natural person, additionally, the present or last known place of employment.  If the business and home telephone numbers are known to the answering party, and if the PERSON is not a party to the ACTION or present employee of a party, said telephone numbers shall be provided.  Once a PERSON has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that PERSON.

Mitchell
Silberberg &
Knupp LLP

13751225.2

6                CASE NO. 3:21-CV-01560
**DEFENDANT'S FIRST SET OF INTERROGATORIES TO
PLAINTIFF JEFFREY R. WERNER**

**Exhibit B
Page 23**

18.    "IDENTIFY" (with respect to DOCUMENTS and COMMUNICATIONS):  When referring to DOCUMENTS and COMMUNICATIONS, to "identify" means to state the: (i) type of DOCUMENT or COMMUNICATION; (ii) general subject matter; (iii) date of the DOCUMENT or COMMUNICATION; and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the DOCUMENT and identify it by specific bates number.

19.    "IDENTIFY" (with respect to AGREEMENTS and requests, offers, proposals, or inquiries for AGREEMENTS):  When referring to AGREEMENTS and requests, offers, proposals, or inquiries for AGREEMENTS, to "identify" means to state: (i) the date of the AGREEMENT or request, offer, proposal, or inquiry for AGREEMENT; (ii) all parties to the AGREEMENT or requested/proposed AGREEMENT; (iii) the format of the AGREEMENT (written or oral); (iv) the terms of the AGREEMENT or requested/proposed AGREEMENT; and (v) any conditions of the AGREEMENT or requested/proposed AGREEMENT or, alternatively, to produce the AGREEMENT or requested/proposed AGREEMENT and identify it by specific bates number.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

State all facts CONCERNING YOUR discovery of HIVE's alleged infringement of the WORKS, INCLUDING the methods used to discover the alleged infringement and the timing of the discovery.

**INTERROGATORY NO. 2:**

IDENTIFY all PERSONS with knowledge of the process of the creation of the WORKS.

**INTERROGATORY NO. 3:**

Set forth in detail the terms of all licenses granted to any PERSON or ENTITY to use the WORKS.

Mitchell Silberberg & Knupp LLP

13751225.2

7                                    CASE NO. 3:21-CV-01560
**DEFENDANT'S FIRST SET OF INTERROGATORIES TO
PLAINTIFF JEFFREY R. WERNER**                    **Exhibit B
Page 24**

**INTERROGATORY NO. 4:**

State all payments, revenue, or other consideration received by YOU or promised to YOU from the LICENSING of each of the photographs covered by the COPYRIGHT REGISTRATIONS for the WORKS, INCLUDING the WORKS.

**INTERROGATORY NO. 5:**

State all facts CONCERNING YOUR alleged damages asserted in the COMPLAINT.

**INTERROGATORY NO. 6:**

Identify the date of publication for every photograph covered by the COPYRIGHT REGISTRATIONS for the WORKS, and the specific method of publication.

**INTERROGATORY NO. 7:**

Identify every PERSON or ENTITY that YOU have COMMUNICATED with CONCERNING HIVE or this ACTION, and the subject matter of each COMMUNICATION.

**INTERROGATORY NO. 8:**

State the total amount of money YOU have been paid or promised, on a work-by-work basis, CONCERNING asserted, pled or alleged copyright infringement of photographs the copyrights to which YOU owned or own, whether through settlement, judgment, or otherwise, and how much of that money your REPRESENTATIVES have received or have been promised (through contingency fees or otherwise).

**INTERROGATORY NO. 9:**

Identify every instance of infringement by HIVE of any of YOUR copyrights in any work(s), INCLUDING the WORKS.

Mitchell
Silberberg &
Knupp LLP

13751225.2

8   CASE NO. 3:21-CV-01560

**DEFENDANT'S FIRST SET OF INTERROGATORIES TO
PLAINTIFF JEFFREY R. WERNER**

**Exhibit B
Page 25**

**INTERROGATORY NO. 10:**

Since the year 2010, state the total amount of money YOU have been paid or promised, on a work-by-work basis, from LICENSING of photographs the copyrights to which YOU owned or own, or the sale of such copyrights (or parts thereof).

DATED: NOVEMBER 24, 2021          RESPECTFULLY SUBMITTED,

EMILY F. EVITT
GABRIELLA A. NOURAFCHAN
J. MATTHEW WILLIAMS
MITCHELL SILBERBERG & KNUPP LLP

By:/s/ J. Matthew Williams
   Emily F. Evitt
   Gabriella A. Nourafchan
   J. Matthew Williams
   Attorneys for Defendant
   Hive Media Group, LLC

Mitchell
Silberberg &
Knupp LLP

13751225.2

9          CASE NO. 3:21-CV-01560
DEFENDANT'S FIRST SET OF INTERROGATORIES TO
PLAINTIFF JEFFREY R. WERNER          Exhibit B
Page 26

# EXHIBIT C

Exhibit C
Page 27

Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Flower Street, Suite 1800
Los Angeles, California 90071
Telephone: (213) 340-5796

Bruce Bellingham (pro hac vice)
bbellingham@sgrvlaw.com
SPECTOR GADON ROSEN VINCI P.C.
1635 Market Street, 7th Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 241-8916

Attorneys for Plaintiff
JEFFERY R. WERNER

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFERY R. WERNER, | Case No.:  21CV1560-TWR(RBB) |
| *Plaintiff*, | *Hon. Todd W. Robinson* |
| v. | PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT HIVE MEDIA GROUP, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS |
| HIVE MEDIA GROUP, LLC, | |
| *Defendant*. | |

PROPOUNDING PARTY:          Defendant Hive Media Group, LLC

RESPONDING PARTY:          Plaintiff Jeffery R. Werner

SET NO.:          One

     Plaintiff Jeffery R. Werner ("Responding Party") submits the following objections and responses to the First Set of Requests for Production of Documents and Things propounded by Defendant Hive Media Group, LLC ("Propounding Party") as follows:

**PRELIMINARY STATEMENT**

Responding Party's investigation and discovery is not complete, and all responses are without prejudice to producing at the time of trial any subsequently discovered facts, witnesses, evidence, tests, reports, law, or information. Without in any way assuming an obligation to do so, and subject only to the requirements of the Rules of Civil Procedure and Rules of Evidence, Responding Party reserves the right to alter, supplement, amend, or otherwise modify these responses in any way at any time, including at trial, in light of facts determined to be relevant or revealed through discovery, further investigation, or further legal analysis.

No attorney-client or work product or other privileged information will be identified, supplied, or produced. All evidentiary objections are reserved to the time of trial, and no waiver of any objection is to be implied from any responses. It is not intended by these responses to make any fact otherwise objectionable at the time of trial admissible. Any response supplied to any part of any request is not a waiver of any objections to any other part of the request that is objectionable.

**OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS**

Responding Party objects to the Definitions and Instructions to the extent that they purport to impose requirements that are inconsistent with or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law, rule, or court order. Responding Party will construe and respond to the requests in accordance with the requirements of the Federal Rules, the Local Rules, and any other applicable law, rule, or court order.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

REQUEST NO. 1:

All DOCUMENTS, INCLUDING all COMMUNICATIONS, CONCERNING YOUR and/or IFI's discovery of HIVE's alleged infringement of the WORKS, INCLUDING the methods used to discover the alleged infringement and the timing of the discovery.

RESPONSE:

Responding Party objects to this request on the ground that it can be construed to seek documents that reveal communications protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privileges or protections. If any documents are withheld based

2

1  on this objection, they will be logged in accordance with the requirements of Fed. R. Civ.

2  P. 26(b)(5) and the parties' agreements.

3       Without waiving the objections, Responding Party responds as follows: Responding Party

4  will produce the non-privileged documents in his possession, custody, or control that can be located

5  through a diligent search and reasonable inquiry.

6

7  REQUEST NO. 2:

8       All DOCUMENTS, INCLUDING all COMMUNICATIONS, CONCERNING HIVE,

9  websites owned by HIVE and/or this ACTION.

10  RESPONSE:

11       Responding Party objects to this request on the ground that it can be construed to seek

12  documents that reveal communications protected by the attorney-client privilege, attorney work-

13  product doctrine, or other applicable privileges or protections. If any documents are withheld based

14  on this objection, they will be logged in accordance with the requirements of Fed. R. Civ.

15  P. 26(b)(5) and the parties' agreements. Responding Party further objects to this request on the

16  ground that it seeks information that is neither relevant to any party's claims or defenses because

17  not every communication "concerning Hive" will be probative of a disputed issue in this action.

18  Responding Party is not withholding documents based on this objection.

19       Without waiving the objections, Responding Party responds as follows: Responding Party

20  will produce the non-privileged documents in his possession, custody, or control that can be located

21  through a diligent search and reasonable inquiry. Additionally, without undertaking the burden or

22  expense of producing them, Responding Party identifies Hive Media's websites, and all their pages,

23  as responsive to this request and other requests.

24

25  REQUEST NO. 3:

26       All COMMUNICATIONS between YOU and/or IFI and HIVE, including all

27  COMMUNICATIONS CONCERNING the WORKS and/or this ACTION.

28

1   RESPONSE:

2        Responding Party objects to this request on the ground that it seeks information that is

3   neither relevant to any party's claims or defenses because not every communication will be

4   probative of any disputed issue in this action. Responding Party is not withholding documents based

5   on this objection.

6        Without waiving the objections, Responding Party responds that there are no documents

7   responsive to this request.

8

9   REQUEST NO. 4:

10       All settlement AGREEMENTS between YOU or IFI and any PERSON or ENTITY

11  regarding the alleged infringement of any of YOUR or IFI's copyrights.

12  RESPONSE:

13       Responding Party objects to this request because substantially all settlement agreements

14  with information responsive to this request contain confidentiality provisions that prohibit Plaintiff

15  from disclosing their terms. Responding Party is withholding documents on a basis of this

16  objection.

17

18  REQUEST NO. 5:

19       All DOCUMENTS, INCLUDING all COMMUNICATIONS, CONCERNING the

20  COPYRIGHT REGISTRATIONS.

21  RESPONSE:

22       Responding Party objects to this request on the ground that it can be construed to seek

23  documents that reveal communications protected by the attorney-client privilege, attorney work-

24  product doctrine, or other applicable privileges or protections. If any documents are withheld based

25  on this objection, they will be logged in accordance with the requirements of Fed. R. Civ.

26  P. 26(b)(5) and the parties' agreements. Responding Party further objects to this request on the

27  ground that it seeks information that is neither relevant to any party's claims or defenses because

28

1    not every communication "concerning the copyright registrations" will be probative of a disputed

2    issue in this action. Responding Party is not withholding documents based on this objection.

3        Without waiving the objections, Responding Party responds as follows: Responding Party

4    will produce the non-privileged documents related to the copyright registration of the photographs

5    at issue in the Complaint, that are in his possession, custody, or control and that can be located

6    through a diligent search and reasonable inquiry.

7

8    REQUEST NO. 6:

9        All DOCUMENTS, INCLUDING all COMMUNICATIONS, CONCERNING all facts

10    stated in the COPYRIGHT REGISTRATIONS, INCLUDING the group registration of any of the

11    WORKS.

12    RESPONSE:

13        Responding Party objects to this request on the ground that it can be construed to seek

14    documents that reveal communications protected by the attorney-client privilege, attorney work-

15    product doctrine, or other applicable privileges or protections. If any documents are withheld based

16    on this objection, they will be logged in accordance with the requirements of Fed. R. Civ.

17    P. 26(b)(5) and the parties' agreements. Responding Party objects to this request on the ground that

18    it seeks information that is neither relevant to any party's claims or defenses, nor reasonably

19    calculated to lead to the discovery of admissible evidence, because the "facts stated in the copyright

20    registrations" are not probative of any disputed issue in this action. Responding Party further

21    objects to this request on the grounds that the information sought is disproportionate to the needs of

22    the case or is of such marginal relevance that its probative value is substantially outweighed by the

23    burden of responding. Responding Party further objects to this request on the ground that the phrase

24    "facts stated in the copyright registrations" is vague. In responding to this request, Responding

25    Party will construe the phrase as referring to the factual information appearing on the registration

26    certificate, such as the author and claimant and other fields. As so construed, Responding Party

27    further objects to this request on the ground that the phrase "facts stated in the copyright

28    registrations" is ambiguous, in that it is unclear which "facts" on the registration certificate are the

5

1  intended subject of the request. Responding Party is not withholding documents based on these

2  objections.

3      Without waiving the objections, Responding Party responds as follows: Responding Party

4  will produce the non-privileged documents related to the copyright registration of the photographs

5  at issue in the Complaint, that are in his possession, custody, or control and that can be located

6  through a diligent search and reasonable inquiry.

7

8  REQUEST NO. 7:

9      All DOCUMENTS, INCLUDING all COMMUNICATIONS and AGREEMENTS,

10  CONCERNING the licensing, reproduction, sale, posting online, distribution, display or other

11  exploitation in any form or medium of any photographs the copyrights to which were or are owned

12  by YOU and/or IFI, INCLUDING the WORKS and other photographs registered with the WORKS,

13  at any time, INCLUDING all DOCUMENTS CONCERNING uses for which no compensation was

14  required.

15  RESPONSE:

16      Responding Party objects to this request on the ground that it can be construed to seek

17  documents that reveal communications protected by the attorney-client privilege, attorney work-

18  product doctrine, or other applicable privileges or protections. If any documents are withheld based

19  on this objection, they will be logged in accordance with the requirements of Fed. R. Civ.

20  P. 26(b)(5) and the parties' agreements. Responding Party further objects to this request on the

21  ground that it seeks information that is neither relevant to any party's claims or defenses because

22  the term "all communications and agreements" encompasses documents that are not probative of

23  any disputed issue in this action. Responding Party further objects to this request on the grounds

24  that the information sought is disproportionate to the needs of the case or is of such marginal

25  relevance that its probative value is substantially outweighed by the burden of responding, because

26  (1) searching for "all communications" is time-consuming and unduly burdensome because

27  Responding Party does not maintain the requested communications separate from other types of

28  communications, (2) the request is unrestricted by time, as Responding Party has operated his

6

RESPONSES TO REQUESTS FOR PRODUCTION

Exhibit C
Page 33

1   photographic licensing business since the 1980s, and (2) Responding Party has changed record-

2   keeping software several times, and older licenses may not be available. Responding Party is not

3   withholding documents based on these objections but is limiting his search to agreements and not

4   communications.

5        Without waiving the objections, Responding Party responds as follows: Responding Party

6   will produce license agreements and invoices in his possession, custody, or control that can be

7   located through a diligent search and reasonable inquiry.

8

9   REQUEST NO. 8:

10       All DOCUMENTS, INCLUDING all COMMUNICATIONS, CONCERNING any

11   REQUESTS received by YOU and/or IFI to obtain a license to use any photograph the copyrights

12   to which were or are owned by YOU or IFI, INCLUDING any of the WORKS.

13   RESPONSE:

14       Responding Party objects to this request on the ground that it can be construed to seek

15   documents that reveal communications protected by the attorney-client privilege, attorney work-

16   product doctrine, or other applicable privileges or protections. If any documents are withheld based

17   on this objection, they will be logged in accordance with the requirements of Fed. R. Civ.

18   P. 26(b)(5) and the parties' agreements. Responding Party further objects to this request on the

19   ground that it seeks information that is neither relevant to any party's claims or defenses because

20   the term "all communications" encompasses documents that are not probative of any disputed issue

21   in this action, and because "requests" for a license that do not include key license terms are not

22   probative of any disputed issue in this action. Responding Party further objects to this request on the

23   grounds that the information sought is disproportionate to the needs of the case or is of such

24   marginal relevance that its probative value is substantially outweighed by the burden of responding,

25   because (1) searching for "all communications" and "all documents … concerning requests" is

26   time-consuming and unduly burdensome because Responding Party does not maintain the requested

27   communications or requests separate from other types of communications, (2) the request is

28   unrestricted by time, as Responding Party has operated his photographic licensing business since

7

Exhibit C
Page 34

1  the 1980s, and (2) Responding Party has changed record-keeping software several times, and older

2  licenses may not be available. Responding Party is not withholding documents based on these

3  objections but is limiting its search to agreements and not communications.

4      Without waiving the objections, Responding Party responds as follows: Responding Party

5  will produce license agreements and invoices in his possession, custody, or control that can be

6  located through a diligent search and reasonable inquiry.

7

8  REQUEST NO. 9:

9      All DOCUMENTS, INCLUDING all COMMUNICATIONS, CONCERNING any revenue

10  earned by YOU and/or IFI from the licensing, reproduction, sale, distribution, display or other

11  exploitation in any form or medium of any photograph, including the WORKS and the other

12  photographs registered with the WORKS, the copyrights to which were or are owned by YOU or

13  IFI.

14  RESPONSE:

15      Responding Party objects to this request on the ground that it can be construed to seek

16  documents that reveal communications protected by the attorney-client privilege, attorney work-

17  product doctrine, or other applicable privileges or protections. If any documents are withheld based

18  on this objection, they will be logged in accordance with the requirements of Fed. R. Civ.

19  P. 26(b)(5) and the parties' agreements. Responding Party further objects to this request on the

20  ground that it seeks information that is neither relevant to any party's claims or defenses because

21  the total amount of revenue that Responding Party received—without context of the licensing terms

22  and other details—is not probative of any disputed issue in this action. Responding Party is not

23  withholding documents based on these objections.

24      Without waiving the objections, Responding Party responds as follows: Responding Party

25  will produce license agreements and invoices in his possession, custody, or control that can be

26  located through a diligent search and reasonable inquiry.

27

28

RESPONSES TO REQUESTS FOR PRODUCTION

Exhibit C
Page 35

REQUEST NO. 10:

DOCUMENTS sufficient to show all revenue earned by YOU and/or IFI from the licensing, reproduction, sale, distribution or other exploitation in any form or medium of any photograph the copyrights to which were or are owned by YOU or IFI, including the WORKS and the other photographs registered with the WORKS.

RESPONSE:

Without waiving the objections, Responding Party responds as follows: Responding Party will produce license agreements and invoices in his possession, custody, or control that can be located through a diligent search and reasonable inquiry.

REQUEST NO. 11:

All DOCUMENTS, INCLUDING all COMMUNICATIONS, CONCERNING any publication or online posting of any of the WORKS or other photographs registered with the WORKS, by YOU and/or IFI, INCLUDING on social media, articles, blogs and/or websites.

RESPONSE:

Responding Party objects to this request on the ground that it can be construed to seek documents that reveal communications protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privileges or protections. If any documents are withheld based on this objection, they will be logged in accordance with the requirements of Fed. R. Civ. P. 26(b)(5) and the parties' agreements.

Without waiving the objections, Responding Party responds as follows: Responding Party will produce the non-privileged documents in his possession, custody, or control that can be located through a diligent search and reasonable inquiry.

REQUEST NO. 12:

All DOCUMENTS, INCLUDING all COMMUNICATIONS, CONCERNING any publication or online posting of any of the WORKS or other photographs registered with the

9

Exhibit C
Page 36

1  WORKS by any PERSON or ENTITY, INCLUDING on social media, articles, blogs and/or

2  websites.

3  <u>RESPONSE</u>:

4        Responding Party objects to this request on the ground that it can be construed to seek

5  documents that reveal communications protected by the attorney-client privilege, attorney work-

6  product doctrine, or other applicable privileges or protections. Responding Party further objects to

7  this request on the grounds that the information sought is disproportionate to the needs of the case

8  or is of such marginal relevance that its probative value is substantially outweighed by the burden

9  of responding, because Responding Party's copyrighted images, including the Works, are the

10  subject of widespread pirating and unauthorized use, and at least for the Works at issue public

11  postings are equally accessible to Propounding Party as they are to Responding Party, and further

12  because it can be construed to require the production of the entire litigation file of many lawsuits.

13  Responding Party is not withholding documents based on this objection but is limiting its search for

14  responsive documents.

15        Without waiving the objections, Responding Party responds as follows: Responding Party

16  will produce license agreements and invoices in his possession, custody, or control that can be

17  located through a diligent search and reasonable inquiry.

18

19  <u>REQUEST NO. 13</u>:

20        All DOCUMENTS, INCLUDING all COMMUNICATIONS, CONCERNING the creation

21  of the WORKS and the other photographs registered with the WORKS, or ownership of copyrights

22  therein.

23  <u>RESPONSE</u>:

24        Responding Party objects to this request on the ground that it can be construed to seek

25  documents that reveal communications protected by the attorney-client privilege, attorney work-

26  product doctrine, or other applicable privileges or protections. If any documents are withheld based

27  on this objection, they will be logged in accordance with the requirements of Fed. R. Civ.

28  P. 26(b)(5) and the parties' agreements. Responding Party further objects to this request on the

Exhibit C
Page 37

1  ground that it seeks information that is neither relevant to any party's claims or defenses because

2  documents relating to "other photographs registered with the WORKS" are not probative of any

3  disputed issue in this action. Responding Party is not withholding documents based on this

4  objection.

5       Without waiving the objections, Responding Party responds as follows: Responding Party

6  will produce the non-privileged documents in his possession, custody, or control that can be located

7  through a diligent search and reasonable inquiry.

8

9  REQUEST NO. 14:

10       All DOCUMENTS, INCLUDING all COMMUNICATIONS, CONCERNING any

11  copyright management information associated with any copies of the WORKS, INCLUDING all

12  DOCUMENTS and COMMUNICATIONS CONCERNING the alleged removal of copyright

13  management information from any of the WORKS by HIVE.

14  RESPONSE:

15       Responding Party objects to this request on the ground that it can be construed to seek

16  documents that reveal communications protected by the attorney-client privilege, attorney work-

17  product doctrine, or other applicable privileges or protections. If any documents are withheld based

18  on this objection, they will be logged in accordance with the requirements of Fed. R. Civ.

19  P. 26(b)(5) and the parties' agreements.

20       Without waiving the objections, Responding Party responds as follows: Responding Party

21  will produce the non-privileged documents in his possession, custody, or control that can be located

22  through a diligent search and reasonable inquiry.

23

24  REQUEST NO. 15:

25       All DOCUMENTS, INCLUDING all COMMUNICATIONS, CONCERNING the subjects

26  depicted in any of the WORKS, INCLUDING any AGREEMENTS with the subjects and/or

27  DOCUMENTS CONCERNING the subjects' publication or online posting of any of the WORKS.

28

RESPONSES TO REQUESTS FOR PRODUCTION

Exhibit C
Page 38

1   RESPONSE:

2          Responding Party objects to this request on the ground that it can be construed to seek

3   documents that reveal communications protected by the attorney-client privilege, attorney work-

4   product doctrine, or other applicable privileges or protections. If any documents are withheld based

5   on this objection, they will be logged in accordance with the requirements of Fed. R. Civ.

6   P. 26(b)(5) and the parties' agreements. Responding Party further objects to this request on the

7   ground that it seeks information that is neither relevant to any party's claims or defenses because

8   documents relating to the subjects are not probative of any disputed issue in this action. Responding

9   Party is not withholding documents based on this objection.

10         Without waiving the objections, Responding Party responds as follows: Responding Party

11   will produce the non-privileged documents in his possession, custody, or control that can be located

12   through a diligent search and reasonable inquiry.

13

14   REQUEST NO. 16:

15         All DOCUMENTS, INCLUDING all COMMUNICATIONS, CONCERNING the costs

16   incurred by YOU and/or IFI in connection with photoshoots conducted for any of the WORKS.

17   RESPONSE:

18         Responding Party objects to this request on the ground that it can be construed to seek

19   documents that reveal communications protected by the attorney-client privilege, attorney work-

20   product doctrine, or other applicable privileges or protections. If any documents are withheld based

21   on this objection, they will be logged in accordance with the requirements of Fed. R. Civ.

22   P. 26(b)(5) and the parties' agreements.

23         Without waiving the objections, Responding Party responds as follows: Responding Party

24   will produce the non-privileged documents in his possession, custody, or control that can be located

25   through a diligent search and reasonable inquiry.

26

27

28

1  REQUEST NO. 17:

2      All DOCUMENTS, INCLUDING all COMMUNICATIONS, CONCERNING YOUR

3  alleged damages asserted in the COMPLAINT.

4  RESPONSE:

5      Responding Party objects to this request on the ground that it can be construed to seek

6  documents that reveal communications protected by the attorney-client privilege, attorney work-

7  product doctrine, or other applicable privileges or protections. If any documents are withheld based

8  on this objection, they will be logged in accordance with the requirements of Fed. R. Civ.

9  P. 26(b)(5) and the parties' agreements. Responding Party further objects to this request on the

10  grounds that it seeks premature discovery of expert-related material. Responding Party will provide

11  such information in accordance with the Federal Rules and the Court's orders.

12      Without waiving the objections, Responding Party responds as follows: Responding Party

13  will produce the non-privileged documents in his possession, custody, or control that can be located

14  through a diligent search and reasonable inquiry.

15

16  REQUEST NO. 18:

17      All DOCUMENTS, INCLUDING all COMMUNICATIONS, CONCERNING YOUR

18  alleged lost revenue caused by HIVE's alleged infringement of the WORKS asserted in the

19  COMPLAINT.

20  RESPONSE:

21      Responding Party objects to this request on the ground that it can be construed to seek

22  documents that reveal communications protected by the attorney-client privilege, attorney work-

23  product doctrine, or other applicable privileges or protections. If any documents are withheld based

24  on this objection, they will be logged in accordance with the requirements of Fed. R. Civ.

25  P. 26(b)(5) and the parties' agreements. Responding Party further objects to this request on the

26  grounds that it seeks premature discovery of expert-related material. Responding Party will provide

27  such information in accordance with the Federal Rules and the Court's orders.

28

RESPONSES TO REQUESTS FOR PRODUCTION

Exhibit C
Page 40

1    Without waiving the objections, Responding Party responds as follows: Responding Party

2    will produce the non-privileged documents in his possession, custody, or control that can be located

3    through a diligent search and reasonable inquiry.

4

5    REQUEST NO. 19:

6    All DOCUMENTS, INCLUDING all COMMUNICATIONS, CONCERNING YOUR

7    and/or IFI's practices for identifying and/or locating potential infringements of YOUR or IFI's

8    copyrights.

9    RESPONSE:

10    Responding Party objects to this request on the ground that it can be construed to seek

11    documents that reveal communications protected by the attorney-client privilege, attorney work-

12    product doctrine, or other applicable privileges or protections. If any documents are withheld based

13    on this objection, they will be logged in accordance with the requirements of Fed. R. Civ.

14    P. 26(b)(5) and the parties' agreements.

15    Without waiving the objections, Responding Party responds as follows: Responding Party

16    will produce the non-privileged documents in his possession, custody, or control that can be located

17    through a diligent search and reasonable inquiry.

18

19    REQUEST NO. 20:

20    All DOCUMENTS, INCLUDING all COMMUNICATIONS, CONCERNING YOUR

21    and/or IFI's enforcement of YOUR or IFI's copyrights, INCLUDING all DOCUMENTS reflecting

22    settlement payments, judgments in YOUR favor and/or other economic benefits of pursuing

23    infringement claims.

24    RESPONSE:

25    Responding Party objects to this request on the ground that it can be construed to seek

26    documents that reveal communications protected by the attorney-client privilege, attorney work-

27    product doctrine, or other applicable privileges or protections. If any documents are withheld based

28    on this objection, they will be logged in accordance with the requirements of Fed. R. Civ.

1   P. 26(b)(5) and the parties' agreements. Responding Party further objects to this request because

2   substantially all settlement agreements with information responsive to this request contain

3   confidentiality provisions that prohibit Plaintiff from disclosing their terms. Responding Party is

4   withholding documents on a basis of these objections.

5

6   REQUEST NO. 21:

7          All DOCUMENTS, INCLUDING all COMMUNICATIONS, CONCERNING any damages

8   YOU requested and/or obtained in other copyright infringement lawsuits in which YOU or IFI are

9   and/or were a party.

10  RESPONSE:

11         Responding Party objects to this request on the ground that it can be construed to seek

12  documents that reveal communications protected by the attorney-client privilege, attorney work-

13  product doctrine, or other applicable privileges or protections. If any documents are withheld based

14  on this objection, they will be logged in accordance with the requirements of Fed. R. Civ.

15  P. 26(b)(5) and the parties' agreements. Responding Party objects to this request on the ground that

16  it seeks information that is neither relevant to any party's claims or defenses, nor reasonably

17  calculated to lead to the discovery of admissible evidence, because damages "requested" in

18  infringement lawsuits are not probative of any disputed issue in this action. Responding Party

19  further objects to this request on the grounds that the information sought is disproportionate to the

20  needs of the case or is of such marginal relevance that its probative value is substantially

21  outweighed by the burden of responding because it can be construed to require the production of the

22  entire litigation file of many lawsuits. Responding Party further objects to this request because

23  substantially all settlement agreements with information responsive to this request contain

24  confidentiality provisions that prohibit Plaintiff from disclosing their terms. Responding Party is

25  withholding documents on a basis of these objections.

26

27

28

1  REQUEST NO. 22:

2       All DOCUMENTS, INCLUDING all COMMUNICATIONS, CONCERNING YOUR

3  market share and market relevance, INCLUDING DOCUMENTS CONCERNING any decline in

4  market relevance suffered by YOU.

5  RESPONSE:

6       Responding Party objects to this request on the ground that it can be construed to seek

7  documents that reveal communications protected by the attorney-client privilege, attorney work-

8  product doctrine, or other applicable privileges or protections. If any documents are withheld based

9  on this objection, they will be logged in accordance with the requirements of Fed. R. Civ.

10  P. 26(b)(5) and the parties' agreements.

11       Without waiving the objections, Responding Party responds that there are no documents

12  responsive to this request.

13

14  REQUEST NO. 23:

15       All engagement AGREEMENTS between YOU or IFI and any attorney engaged by YOU

16  CONCERNING copyright matters from any time period.

17  RESPONSE:

18       Responding Party objects to this request on the ground that it can be construed to seek

19  documents that reveal communications protected by the attorney-client privilege, attorney work-

20  product doctrine, or other applicable privileges or protections. Responding Party further objects to

21  the request for engagement agreements with copyright attorneys on the ground that it seeks

22  information that is neither relevant to any party's claims or defenses, nor reasonably calculated to

23  lead to the discovery of admissible evidence, because the arrangements that Responding Party has

24  with legal counsel is not probative of any disputed issue in this action. Responding Party is

25  withholding documents based on this objection.

26

27

28

RESPONSES TO REQUESTS FOR PRODUCTION

**Exhibit C**

**Page 43**

REQUEST NO. 24:

All AGREEMENTS between YOU and IFI from any time period, INCLUDING any common interest AGREEMENTS.

RESPONSE:

Without waiving the objections, Responding Party responds as follows: Responding Party will produce the non-privileged documents in his possession, custody, or control that can be located through a diligent search and reasonable inquiry.


REQUEST NO. 25:

All DOCUMENTS, INCLUDING all COMMUNICATIONS, CONCERNING any AGREEMENTS between YOU and IFI.

RESPONSE:

Responding Party objects to this request on the ground that it can be construed to seek documents that reveal communications protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privileges or protections. If any documents are withheld based on this objection, they will be logged in accordance with the requirements of Fed. R. Civ. P. 26(b)(5) and the parties' agreements.

Without waiving the objections, Responding Party responds that there are no documents responsive to this request other than the agreements that will be produced in response to Request No. 24.


Dated:  January 17, 2022          **SPECTOR GADON ROSEN VINCI P.C.**

**PERKOWSKI LEGAL, PC**

By:     /s/ Peter Perkowski
          Peter E. Perkowski

          Attorneys for Plaintiff JEFFERY R. WERNER

1

**CERTIFICATE OF SERVICE**

2

3

I certify that on January 17, 2022, I served the foregoing document by attaching it to an email transmission sent to the email addresses set forth below, in accordance with an agreement among counsel permitting electronic service under Fed. R. Civ. P. 5(b)(2)(E).

4

5

MITCHELL SILBERBERG & KNUPP LLP
Emily F. Evitt (efe@msk.com)
J. Matthew Williams (mxw@msk.com)

6

Counsel for Defendant Hive Media Group, LLC

7

8

s/ *Peter Perkowski*
Peter E. Perkowski

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSES TO REQUESTS FOR PRODUCTION

Exhibit C
Page 45

# EXHIBIT D

1  Peter E. Perkowski (SBN 199491)
   peter@perkowskilegal.com
2  PERKOWSKI LEGAL, PC
   515 S. Flower Street, Suite 1800
3  Los Angeles, California 90071
   Telephone: (213) 340-5796
4

5  Bruce Bellingham (pro hac vice)
   bbellingham@sgrvlaw.com
   SPECTOR GADON ROSEN VINCI P.C.
6  1635 Market Street, 7th Floor
   Philadelphia, Pennsylvania 19103
7  Telephone: (215) 241-8916

8  Attorneys for Plaintiff
   JEFFERY R. WERNER
9

10          **UNITED STATES DISTRICT COURT**

11        **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 12  JEFFERY R. WERNER, | Case No.: 21CV1560-TWR(RBB) |
| 13      *Plaintiff,* | *Hon. Todd W. Robinson* |
| 14  v. | PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT HIVE MEDIA |
| 15  HIVE MEDIA GROUP, LLC, | GROUP, LLC'S FIRST SET OF INTERROGATORIES |
| 16      *Defendant.* | |

17

18

19

20

21  PROPOUNDING PARTY:      Defendant Hive Media Group, LLC

22  RESPONDING PARTY:       Plaintiff Jeffery R. Werner

23  SET NO.:              One

24      Plaintiff Jeffery R. Werner ("Responding Party") submits the following objections and

25  responses to the First Set of Interrogatories propounded by Defendant Hive Media Group, LLC

26  ("Propounding Party") as follows:

27

28

**Exhibit D
Page 47**

**PRELIMINARY STATEMENT**

Responding Party's investigation and discovery is not complete, and all responses are without prejudice to producing at the time of trial any subsequently discovered facts, witnesses, evidence, tests, reports, law, or information. Without in any way assuming an obligation to do so, and subject only to the requirements of the Rules of Civil Procedure and Rules of Evidence, Responding Party reserves the right to alter, supplement, amend, or otherwise modify these responses in any way at any time, including at trial, in light of facts determined to be relevant or revealed through discovery, further investigation, or further legal analysis.

No attorney-client or work product or other privileged information will be identified, supplied, or produced. All evidentiary objections are reserved to the time of trial, and no waiver of any objection is to be implied from any responses. It is not intended by these responses to make any fact otherwise objectionable at the time of trial admissible. Any response supplied to any part of any request is not a waiver of any objections to any other part of the request that is objectionable.

**OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS**

Responding Party objects to the Definitions and Instructions to the extent that they purport to impose requirements that are inconsistent with or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules, and any other applicable law, rule, or court order. Responding Party will construe and respond to the requests in accordance with the requirements of the Federal Rules, the Local Rules, and any other applicable law, rule, or court order.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

INTERROGATORY NO. 1:

State all facts CONCERNING YOUR discovery of HIVE's alleged infringement of the WORKS, INCLUDING the methods used to discover the alleged infringement and the timing of the discovery.

RESPONSE:

Without waiving the objections, Responding Party responds as follows:  Plaintiff contracts with Brian Wolff of International Intellectual Property, Inc. ("IIPI") to assist in mitigating the unauthorized use of Plaintiff's copyrighted images. IIPI uses reverse-image-search technology,

2

1   including third-party tools like Tin Eye as well as Google image search, to conduct searches for the

2   unauthorized use of Plaintiff's copyrighted images on the World Wide Web.

3       Plaintiff discovered one unauthorized use of Giraffe Woman, on April 1, 2020, in a

4   "clickbait" ad for Trendchaser that was at the bottom of the New York Post website. Plaintiff

5   communicated with Mr. Wolff regarding the discovery. Mr. Wolff—assisted by Henry Bellingham,

6   a contract worker for Incredible Features—conducted research that identified the owner of the

7   Trendchaser website (Hive Media), and then identified other web properties owned by Hive Media.

8   They then used Tin Eye to search the web properties of Hive Media for uses of Plaintiff's works.

9       In addition to the foregoing, Responding Party responds that, under Fed. R. Civ. P. 33(d),

10  information responsive to this interrogatory may be determined by examining, auditing, compiling,

11  abstracting, or summarizing business records, and the burden of deriving or ascertaining the answer

12  is substantially the same for either party. Responding Party identifies the following documents that

13  may be reviewed for such information: WERNER 001675-001782, 002205-002232.

14

15  <u>INTERROGATORY NO. 2</u>:

16      IDENTIFY all PERSONS with knowledge of the process of the creation of the WORKS.

17  <u>RESPONSE</u>:

18      Responding Party objects to this interrogatory on the ground that it seeks information that is

19  neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery

20  of admissible evidence, because the identity of people "with knowledge of the process of the

21  creation of the works" is not probative of any disputed issue in this action. Responding Party further

22  objects to this interrogatory on the grounds that the information sought is disproportionate to the

23  needs of the case or is of such marginal relevance that its probative value is substantially

24  outweighed by the burden of responding.

25      Without waiving the objections, Responding Party responds as follows:

26      **Surfing Goat:**  Holly Grigg-Spall, staff reporter for Incredible Features, found and

27  researched the story, set up the photo shoot with and obtained a story contract from the goat's

28

owner, and did the reporting and writing of the story. Jeffery Werner took the photographs, at a photo shoot that took place in December 2011, and did the editing.

**Airplane Home:**  Dalia Butler, an intern for Incredible Features, found the story. Dalia Butler and Naima Jones, researchers for Incredible Features, researched the story. Holly Grigg-Spall, staff reporter for Incredible Features, did the reporting; Brooke Di Resta, writer for Incredible Features, did the copy writing of the story. Stacey Linh, Creative Director for Incredible Features, supervised the creative team. Jeffery Werner took the photographs and did the editing. Clint Blackburn was the assistant on location.

**Giraffe Woman:**  The following people have knowledge concerning any of the four photo shoots involving the Giraffe Woman:

- A French body-painting team was hired to do full body makeup, to make the subject look giraffe-like, for a studio shoot.
- Jeffery Werner did the photography for the studio shoot and three on-location shoots. Mr. Werner also did the photo editing for the on-location shoots. Peter Bennett, a contractor for Incredible Features, did the photo editing for the studio shoot.
- Brian Wolff handled the lighting for the studio shoot and also did some set-up photography.
- The home of the subject's ring maker was used for one on-location shoot.
- Alan Zasi was the assistant on location for a shoot in Venice Beach and another shoot.
- Holly Grigg-Spall did the original reporting and researching of the story. Ellen Anderson, another employee of Incredible Features, did some research and development of the later (on-location) shoots.
- Isaac Saul, copy writer for Incredible Features, wrote the story.

In addition to the foregoing, Responding Party responds that, under Fed. R. Civ. P. 33(d), information responsive to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing business records, and the burden of deriving or ascertaining the answer is substantially the same for either party. Responding Party identifies the following documents that

4

1  may be reviewed for such information: WERNER 001665-001782, 002079-002087, 002187,

2  002200, 002202-002204.

3

4  INTERROGATORY NO. 3:

5      Set forth in detail the terms of all licenses granted to any PERSON or ENTITY to use the

6  WORKS.

7  RESPONSE:

8      Without waiving the objections, Responding Party responds that, under Fed. R. Civ.

9  P. 33(d), information responsive to this interrogatory may be determined by examining, auditing,

10  compiling, abstracting, or summarizing business records, and the burden of deriving or ascertaining

11  the answer is substantially the same for either party. Responding Party identifies the following

12  documents that may be reviewed for such information: WERNER 000001-001664.

13

14  INTERROGATORY NO. 4:

15      State all payments, revenue, or other consideration received by YOU or promised to YOU

16  from the LICENSING of each of the photographs covered by the COPYRIGHT REGISTRATIONS

17  for the WORKS, INCLUDING the WORKS.

18  RESPONSE:

19      Without waiving the objections, Responding Party responds that, under Fed. R. Civ.

20  P. 33(d), information responsive to this interrogatory may be determined by examining, auditing,

21  compiling, abstracting, or summarizing business records, and the burden of deriving or ascertaining

22  the answer is substantially the same for either party. Responding Party identifies the following

23  documents that may be reviewed for such information: WERNER 000001-001664.

24

25  INTERROGATORY NO. 5:

26      State all facts CONCERNING YOUR alleged damages asserted in the COMPLAINT.

27

28

RESPONSE:

Responding Party objects to this interrogatory on the grounds that it seeks premature discovery of expert-related material. Responding Party will provide such information in accordance with the Federal Rules and the Court's orders.

Without waiving the objections, Responding Party responds as follows: Defendant used the copyrighted images, multiple times in some cases, without paying a license fee to Plaintiff. These unauthorized uses deprived Plaintiff of licensing revenue. Based on the scope, extent, length, and type of use, Plaintiff would have expected to seek at least $371,400 as a license fee. Defendant also obtained an unknown amount of income from using Plaintiff's images.

Plaintiff is also seeking statutory damages based on the reckless disregard of Plaintiff's rights, the widespread use of the images by Defendant, and the depressing effect on the licensing value of the infringed works. Plaintiff is also seeking costs and fees.

INTERROGATORY NO. 6:

Identify the date of publication for every photograph covered by the COPYRIGHT REGISTRATIONS for the WORKS, and the specific method of publication.

RESPONSE:

Responding Party objects to this interrogatory on the ground that it seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, because the dates of authorized publication are not probative of any disputed issue in this action. Responding Party further objects to this interrogatory on the grounds that the information sought is disproportionate to the needs of the case or is of such marginal relevance that its probative value is substantially outweighed by the burden of responding.

Without waiving the objections, Responding Party responds that, under Fed. R. Civ. P. 33(d), information responsive to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing business records, and the burden of deriving or ascertaining the answer is substantially the same for either party. Responding Party identifies the following documents that may be reviewed for such information: WERNER 000001-001664.

6

INTERROGATORY NO. 7:

Identify every PERSON or ENTITY that YOU have COMMUNICATED with CONCERNING HIVE or this ACTION, and the subject matter of each COMMUNICATION.

RESPONSE:

Responding Party objects to this interrogatory on the ground that it seeks information that is neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence, because not every communication "concerning Hive" will be probative of any disputed issue in this action. Responding Party further objects to this interrogatory on the grounds that the information sought is disproportionate to the needs of the case or is of such marginal relevance that its probative value is substantially outweighed by the burden of responding. Responding Party further objects to this request on the ground that it can be construed to seek documents that reveal communications protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privileges or protections. In responding to this request, Responding Party will not reveal privileged communications, if any.

Without waiving the objections, Responding Party responds that, under Fed. R. Civ. P. 33(d), information responsive to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing business records, and the burden of deriving or ascertaining the answer is substantially the same for either party. Responding Party identifies the following documents that may be reviewed for such information: WERNER 001690-001782, 002205-002232.


INTERROGATORY NO. 8:

State the total amount of money YOU have been paid or promised, on a work-by-work basis, CONCERNING asserted, pled or alleged copyright infringement of photographs the copyrights of which YOU owned or own, whether through settlement, judgment, or otherwise, and how much of that money your REPRESENTATIVES have received or have been promised (through contingency fees or otherwise).

1   RESPONSE:

2        Responding Party objects to this interrogatory on the ground that it seeks information that is

3   neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery

4   of admissible evidence, because the amount of money that Responding Party paid to its

5   representatives is not probative of any disputed issue in this action. Responding Party further

6   objects to this interrogatory on the grounds that the information sought is disproportionate to the

7   needs of the case or is of such marginal relevance that its probative value is substantially

8   outweighed by the burden of responding. Responding Party further objects to this interrogatory as it

9   relates to settlement agreements because substantially all settlement agreements with information

10  responsive to this interrogatory contain confidentiality provisions that prohibit Plaintiff from

11  disclosing their terms.

12

13  INTERROGATORY NO. 9:

14       Identify every instance of infringement by HIVE of any of YOUR copyrights in any

15  work(s), including the WORKS.

16  RESPONSE:

17       Without waiving the objections, Responding Party responds that, under Fed. R. Civ.

18  P. 33(d), information responsive to this interrogatory may be determined by examining, auditing,

19  compiling, abstracting, or summarizing business records, and the burden of deriving or ascertaining

20  the answer is substantially the same for either party. Responding Party identifies the following

21  documents that may be reviewed for such information: WERNER 001787-002078.

22

23  INTERROGATORY NO. 10:

24       Since the year 2010, state the total amount of money YOU have been paid or promised, on a

25  work-by-work basis, from LICENSING of photographs the copyrights to which YOU owned or

26  own, or the sale of such copyrights (or parts thereof).

27

28

1  RESPONSE:

2        Responding Party objects to this interrogatory on the ground that it seeks information that is

3  neither relevant to any party's claims or defenses, nor reasonably calculated to lead to the discovery

4  of admissible evidence, because the total amount of money that Responding Party received or was

5  promised—without context of the licensing terms and other details—is not probative of any

6  disputed issue in this action.

7        Without waiving the objections, Responding Party responds that, under Fed. R. Civ.

8  P. 33(d), information responsive to this interrogatory may be determined by examining, auditing,

9  compiling, abstracting, or summarizing business records, and the burden of deriving or ascertaining

10 the answer is substantially the same for either party. Responding Party identifies the following

11 documents that may be reviewed for such information: WERNER 000001-001664.

12

13  Dated:  January 17, 2022            **SPECTOR GADON ROSEN VINCI P.C.**

14                                      **PERKOWSKI LEGAL, PC**

15                                      By:    /s/ Peter Perkowski

16                                      Peter E. Perkowski

17                                      Attorneys for Plaintiff JEFFERY R. WERNER

18

19

20

21

22

23

24

25

26

27

28

1

## **VERIFICATION**

2       I, Jeffery R. Werner, declare as follows:

3       I have reviewed PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT

4   HIVE MEDIA GROUP, LLC'S FIRST SET OF INTERROGATORIES and am familiar with its

5   contents. I believe that the matters stated within the document are true and correct.

6       I declare under penalty of perjury under the laws of the United States that the foregoing is

7   true and correct. Executed this ___ day of January, 2022, at Los Angeles, California.

8

9                                       Jeffery R. Werner

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I certify that on January 17, 2022, I served the foregoing document by attaching it to an email transmission sent to the email addresses set forth below, in accordance with an agreement among counsel permitting electronic service under Fed. R. Civ. P. 5(b)(2)(E).

MITCHELL SILBERBERG & KNUPP LLP
Emily F. Evitt (efe@msk.com)
J. Matthew Williams (mxw@msk.com)

Counsel for Defendant Hive Media Group, LLC

*s/ Peter Perkowski*
Peter E. Perkowski

RESPONSES TO INTERROGATORIES

# EXHIBIT E

1   Peter E. Perkowski (SBN 199491)
    peter@perkowskilegal.com
2   PERKOWSKI LEGAL, PC
    515 S. Flower Street, Suite 1800
3   Los Angeles, California 90071
    Telephone: (213) 340-5796
4
    Bruce Bellingham (pro hac vice)
5   bbellingham@sgrvlaw.com
    SPECTOR GADON ROSEN VINCI P.C.
6   1635 Market Street, 7th Floor
    Philadelphia, Pennsylvania 19103
7   Telephone: (215) 241-8916

8   Attorneys for Plaintiff
    JEFFERY R. WERNER
9

10                  **UNITED STATES DISTRICT COURT**

11                **SOUTHERN DISTRICT OF CALIFORNIA**

12  JEFFERY R. WERNER,                 | Case No.:  21CV1560-TWR(RBB)

13          *Plaintiff,*               | *Hon. Todd W. Robinson*

14  v.                                 | PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                        | TO DEFENDANT HIVE MEDIA GROUP,
15  HIVE MEDIA GROUP, LLC,             | LLC'S FIRST SET OF INTERROGATORIES

16          *Defendant.*

17

18

19

20

21  PROPOUNDING PARTY:         Defendant Hive Media Group, LLC

22  RESPONDING PARTY:          Plaintiff Jeffery R. Werner

23  SET NO.:                   One

24          Plaintiff Jeffery R. Werner ("Responding Party") supplements his objections and responses

25  to the First Set of Interrogatories propounded by Defendant Hive Media Group, LLC

26  ("Propounding Party") as follows:

27

28

                                        1
    ─────────────────────────────────────────────
    SUPPLEMENTAL RESPONSES TO INTERROGATORIES

**SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

INTERROGATORY NO. 3:

Set forth in detail the terms of all licenses granted to any PERSON or ENTITY to use the WORKS.

SUPPLEMENTAL RESPONSE:

Without waiving the objections, Responding Party supplements the response as follows: Under Fed. R. Civ. P. 33(d), information responsive to this interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing business records, and the burden of deriving or ascertaining the answer is substantially the same for either party. Responding Party identifies the following documents that may be reviewed for such information: WERNER 000001-001664. For licenses sold by foreign agents, the documentation that Responding Party received from the agents may or may not reflect all terms of the licenses; though terms likely were reflected in other documents between the foreign agent and the licensee, Responding Party did not receive those other documents. Accordingly, if terms are not reflected in the documents produced, the terms are not otherwise known to Responding Party.

In addition, licenses sold by foreign agents such as Barcroft were subject to an agency fee or commission, which was 40%. The amounts invoiced by agents to Responding Party, and reflected on the documents, is the net price—60% of the total—not the full price of the licenses.


INTERROGATORY NO. 5:

State all facts CONCERNING YOUR alleged damages asserted in the COMPLAINT.

SUPPLEMENTAL RESPONSE:

Without waiving the objections, Responding Party supplements the response as follows: Responding Party is seeking the following damages: actual damages (including lost license fee income and Propounding Party's profits), or in the alternative statutory damages, and fees and costs.

*Lost license fees*: As a professional photographer and as president of Incredible Features Inc., Responding Party has decades of knowledge and experience with photography licensing. Clients may acquire rights to stock photographs under various licensing models. The three most

1  common licensing models include Royalty Free, Microstock, and Rights Managed. Responding

2  Party has always used the Rights Managed model from the time he went into business on his own in

3  the mid-1970s.

4       Under the Rights Managed model, license fees are based upon the scope of the usage

5  desired by the licensee. Scope is defined by the type of media, size and quantity of the

6  reproductions, regions of distribution, duration of use, exclusivity, and other factors. In general, the

7  greater the scope of the usage, the greater the licensing fee paid by the client. Rights Managed

8  photographs are primarily created by well-established professional photographers like Responding

9  Party, and the fees associated with Rights Managed licenses are typically higher than fees for

10  Royalty Free or Microstock images. Scarce images typically demand greater license fees than

11  common images.

12       To estimate the licensing value of his photographs that have been infringed, Responding

13  Party uses a premium version of the industry standard program fotoQuote, called fotoBiz X

14  ("fotoQuote"). *See* https://www.cradocfotosoftware.com/fotoquote/. To generate a market value

15  licensing figure, fotoQuote allows users to select several factors—including but not limited to usage

16  type, license duration, geographic factors, and whether the shoot was high cost, high risk, or

17  required special equipment. Once various factors are selected, fotoQuote then generates a low,

18  medium, and high licensing figure that the photographer can use to price a license.

19       Applied to Propounding Party's infringements, the fotoQuote factors are set as "website

20  editorial", model-released, high production costs (travel, makeup, paid assistants), and requiring use

21  of special equipment (lighting rigs). Responding Party set the license duration to one month. This

22  generated a low, medium, and high license fees of $309, $413, and $619 per month per individual

23  image. Based on the length of time that Propounding Party used each of the images, using the high

24  value of $619 per month results in a total of $371,400; using the middle value of $413 results in a

25  total of $247,800. This calculation of damages gives no weight to Hive's creation of 33 infringing

26  server copies.

27       In addition, Responding Party's license agreements and/or invoices provide for triple the

28  normal fee where the user fails to place his copyright notice on any publication of his images to

SUPPLEMENTAL RESPONSES TO INTERROGATORIES

1    compensate for the author's loss of recognition and the loss of effective copyright protection when

2    his works are published without the notice.

3            This assessment of unlicensed uses does not include the value of any uses of Responding

4    Party's images in Propounding Party's advertisements. Discovery should reveal if any advertising

5    or promotional uses occurred, as well as additional ephemeral uses on Propounding Party's

6    websites, uses on social media and for promotion, and on down-stream third-party uses licensed by

7    Propounding Party.

8            *Infringer's profits*: Propounding Party also obtained an unknown amount of income from

9    using Responding Party's images. Discovery is ongoing.

10           *Statutory damages*: In the alternative, Responding Party may seek statutory damages.

11   Statutory damages may be awarded for both compensatory and punitive purposes. Among the

12   factors that Responding Party believes may be relevant to the amount that may be awarded are: the

13   degree of Propounding Party's culpability; the amount of actual damages, including Propounding

14   Party's profits (if any), and including whether a multiple should be used in awarding statutory

15   damages; the widespread scope and extent of Propounding Party's uses of the Works; and the effect

16   that widespread piracy of unique photographic images has on the licensing value of those works,

17   especially for works that draw value in syndicated or repeated licensing. Discovery on those

18   subjects is ongoing.

19           *Enhanced damages for willful infringement*: Responding Party is seeking statutory damages

20   based on willful infringement. As a media company doing business in an industry in which

21   copyrights are prevalent, Propounding Party is aware of the importance of intellectual property

22   rights in the content it publishes. Its predecessors had the same awareness at the time the images

23   were used without authorization. All of the images at issue were published with conspicuous

24   copyright notices, thus putting Propounding Party on notice of the copyright protection.

25   Propounding Party used the images anyway, sometimes with the copyright notices intact.

26           For media businesses like Propounding Party, then, willfulness often turns on whether

27   publishers have reasonable measures in place to protect rights owners. Ongoing discovery should

28   reveal if those measures exist or existed. Ongoing discovery may also reveal other key indices of

4

SUPPLEMENTAL RESPONSES TO INTERROGATORIES

willful infringement, such as: how many cease-and-desist letters Propounding Party receives (notifying it of infringement problems on its sites); whether Propounding Party issues its own cease-and-desist notices to protect its own work (showing awareness of the importance of copyright); whether Propounding Party maintains a "rights book" of licenses for images used (which would show that it attempts to comply with copyrights); whether Propounding Party has a budget for image-rights acquisition commensurate with its reliance on images and what its actual expenditures were for rights acquisition (a business that basically markets images created by others but that has no or inadequate provisions for purchasing that inventory may be deemed a willful infringer).

Finally, Responding Party has retained an expert who will opine on some of these issues and who may use additional or different facts or calculations than the ones set forth above. Responding Party will disclose the expert, their opinions, and the materials that they rely on in accordance with the scheduling order.

INTERROGATORY NO. 6:

Identify the date of publication for every photograph covered by the COPYRIGHT REGISTRATIONS for the WORKS, and the specific method of publication.

SUPPLEMENTAL RESPONSE:

Without waiving the objections, Responding Party supplements the response as follows:

*Surfing Goat*: All images covered in Copyright Reg. No. VA 1-803-445 were initially published on or about January 9, 2012, when they were uploaded to the live portion of an image library on the Incredible Features website, owned and operated by Responding Party, where they were offered for sale to Responding Party's clients and customers, as well as sales agents who were authorized licensing agents.

*Airplane Home*: All images covered in Copyright Reg. No. VA 1-917-856 were initially published on or about October 10, 2012, when they were uploaded to the live portion of an image library on the Incredible Features website, owned and operated by Responding Party, where they

SUPPLEMENTAL RESPONSES TO INTERROGATORIES

1  were offered for sale to Responding Party's clients and customers, as well as sales agents who were

2  authorized licensing agents.

3      *Giraffe Woman Stills and Giraffe Woman Without Rings*: Some images covered in

4  Copyright Reg. No. VAu 1-253-880 and Reg. No. VAu 1-276-595 were initially published on

5  December 14, 2016, in the online publication COED.com, which had received the images directly

6  from Responding Party, with authorization to copy and display, earlier that month. The remaining

7  images were initially published on or about March 10, 2017, when complete sets of Giraffe Woman

8  images were uploaded to the live portion of an image library on the Incredible Features website,

9  owned and operated by Responding Party, where they were offered for sale to Responding Party's

10  clients and customers, as well as sales agents who were authorized licensing agents. Also on or

11  about March 10, 2017, all images were sent to foreign licensing agent Media Drum World with

12  authorization to further distribute by licensing to its customers.

13

14  <u>INTERROGATORY NO. 7</u>:

15      Identify every PERSON or ENTITY that YOU have COMMUNICATED with

16  CONCERNING HIVE or this ACTION, and the subject matter of each COMMUNICATION.

17  <u>SUPPLEMENTAL RESPONSE</u>:

18      Without waiving the objections, Responding Party supplements the response as follows:

19  Under Fed. R. Civ. P. 33(d), information responsive to this interrogatory may be determined by

20  examining, auditing, compiling, abstracting, or summarizing business records, and the burden of

21  deriving or ascertaining the answer is substantially the same for either party. Responding Party

22  identifies the following documents that may be reviewed for such information: WERNER 001690-

23  001782, 002205-002232.

24      In addition, individuals associated with Responding Party—including plaintiff himself;

25  plaintiff's licensing and enforcement agent Brian Wolff of International Intellectual Property, and

26  Incredible Features contractor Henry Bellingham—had oral conversations between or among them

27  about the factual investigation concerning Propounding Party's infringements and researching the

28

SUPPLEMENTAL RESPONSES TO INTERROGATORIES

1  matter to turn over to outside counsel. Responding Party has no specific recollection or record of

2  these conversations.

3        Finally, in June 2021 Responding Party received a communication from a photographer,

4  Linda Matlow, who mentioned that she had a claim against Hive and inquired whether Responding

5  Party's case against Hive was still ongoing. Responding Party confirmed that it was. In a November

6  2021 follow-up communication, Ms. Matlow stated that her case against Hive had been filed and

7  inquired about the status of Responding Party's case against Hive. Responding Party again

8  confirmed that it was still ongoing.

9

10  <u>INTERROGATORY NO. 10</u>:

11        Since the year 2010, state the total amount of money YOU have been paid or promised, on a

12  work-by-work basis, from LICENSING of photographs the copyrights to which YOU owned or

13  own, or the sale of such copyrights (or parts thereof).

14  <u>SUPPLEMENTAL RESPONSE</u>:

15        Without waiving the objections, Responding Party supplements the response as follows:

16  Under Fed. R. Civ. P. 33(d) that, with respect to licensing fees received for the Works or any image

17  that is part of a copyright registration with the Works, information responsive to this interrogatory

18  may be determined by examining, auditing, compiling, abstracting, or summarizing business

19  records, and the burden of deriving or ascertaining the answer is substantially the same for either

20  party. Responding Party identifies the following documents that may be reviewed for such

21  information: WERNER 000001-001664.

22

23   Dated:  February 18, 2022          **SPECTOR GADON ROSEN VINCI P.C.**

24                          **PERKOWSKI LEGAL, PC**

25                 By:    /s/ Peter Perkowski

26                     Peter E. Perkowski

27                     Attorneys for Plaintiff JEFFERY R. WERNER

28

1                             **<u>VERIFICATION</u>**

2       I, Jeffery R. Werner, declare as follows:

3       I have reviewed PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT HIVE

4 MEDIA GROUP, LLC'S FIRST SET OF INTERROGATORIES and am familiar with its contents.

5 I believe that the matters stated within the document are true and correct.

6       I declare under penalty of perjury under the laws of the United States that the foregoing is

7 true and correct. Executed this 17th day of February, 2022, at Los Angeles, California.

8

9                    Jeffery R. Werner

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

---

SUPPLEMENTAL RESPONSES TO INTERROGATORIES

1

**CERTIFICATE OF SERVICE**

2

3

    I certify that on February 18, 2022, I served the foregoing document by attaching it to an email transmission sent to the email addresses set forth below, in accordance with an agreement among counsel permitting electronic service under Fed. R. Civ. P. 5(b)(2)(E).

4

5

MITCHELL SILBERBERG & KNUPP LLP
Emily F. Evitt (efe@msk.com)
J. Matthew Williams (mxw@msk.com)

6

Counsel for Defendant Hive Media Group, LLC

7

8

                 _s/ Peter Perkowski_
                 Peter E. Perkowski

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

# EXHIBIT F



**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

J. Matthew Williams
Partner
(202) 355-7904 Phone
(202) 355-7984 Fax
mxw@msk.com

February 1, 2022

**VIA E-MAIL ONLY**

Bruce Bellingham
Spector Gadon Rosen Vinci P.C.
1635 Market Street, 7th Floor
Philadelphia, PA 19103

**Re:** **Werner v. Hive Media - Discovery Responses (Interrogatories)**

Counsel:

This letter addresses issues of concern regarding your client's interrogatory responses, served January 17, 2022, to our written discovery requests. Please let us know a time you are available to meet and confer this week. We will send a separate letter soon regarding your document request responses.

**Issue Concerning Incredible Features**

Please confirm that all information within the possession, custody or control of Incredible Features was provided in your responses.

**Preliminary Statement**

Your responses state at the outset that you will not identify privileged documents or communications. Please withdraw the language refusing to identify privileged communications. They must be identified and logged unless otherwise agreed between the parties.

Your responses also state that they are without prejudice to submitting additional responsive information at trial. Please confirm that you understand that you have an obligation to supplement your responses and provide information and documents prior to the close of discovery and certainly prior to trial, as soon as the information is known.

Some responses that include no specific objections state they are being made "without waiving the objections," which we assume refers to your Preliminary Statement. Please confirm that if any information is being withheld based on these purported objections it will be identified.

**Interrogatories**

No. 1 → Please confirm no unidentified persons were involved. Please confirm no unidentified search tools were involved. Also, you only provide one date. Please confirm that all other responsive dates and information can be ascertained from the documents referenced.



Bruce Bellingham
February 1, 2022
Page 2

No. 2 → Are you withholding information based on the objections?  The creation of the works and who authored them are clearly relevant. Also, please confirm you will produce all documents referenced in this response, including the contracts and stories.  Moreover, "identifying" persons is to include contact information per our definitions.  That was not provided.  Finally, some persons are not identified by name or company but in vague, unhelpful ways, e.g. a "French body painting team."  Please confirm you will provide the names and contact information.

No. 3 → Please confirm the referenced documents will allow us to ascertain all responsive information, including all terms and parties/licensees for all responsive licenses.

No. 4 → Please confirm that all responsive payments, revenue, or other consideration can be ascertained from the referenced documents.

No. 5 → Setting aside the issue of expert discovery, please confirm that you have provided all facts to support the purported damages amount included in the response, how it was calculated, and what facts support the purported "depressing effect" on licensing. If you have any such supporting facts we are entitled to them now, and reserve all rights to oppose your use of any undisclosed facts to support damages.

No. 6 → Your objections are meritless.  You identify no specific burden and your client is the one claiming this case is far more valuable than it is, so your proportionality objections are bogus.  These images were purportedly registered in four group registrations, the issuance of which was contingent on the images' publication status.  We are entitled to know when each and every image was actually published, and to consider whether fraud on the Copyright Office was committed.  Please confirm that we can ascertain all of the requested information for each and every image from the referenced documents.  Otherwise, agree to supplement the response.

No. 7 → I refer you to my statements above about your objections as to burden and proportionality.  I will not repeat myself for every interrogatory.  Your relevance objections are also not well taken as your client's communications about this case and Hive are clearly relevant.  Please confirm that all non-privileged, responsive communications are provided in the referenced documents.  Otherwise, give us the remainder.

No. 8 → I reiterate my comments on your burden and proportionality objections.  You are arguing that your client can prove damages through settlements.  Accordingly, they are all fair game.  So is the amount paid to lawyers or others, as that is related to the actual value of the settlements to plaintiff.  Client engagements are not privileged.  You also refuse to disclose information due to confidentiality (even though only "substantially all" responsive information is supposedly restricted from production), which is not a proper objection.  We will work with you on the protective order and what is needed to get the information, but we are entitled to it. Your client cannot build his case on settlements with third parties and hide behind confidentiality.

No. 9 → Please confirm every responsive instance is ascertainable from the referenced documents.  We are entitled to this information and if it is not provided now we will oppose you ever using it.

**Exhibit F**
**Page 70**



Bruce Bellingham
February 1, 2022
Page 3

No. 10 → Your objections are meritless.  Your client is claiming he is entitled to damages based on a misguided formula that we intend to oppose as a measure of damages.  We are entitled to all of this information.  Please confirm that all responsive information, including information about photographs not at issue in this case, can be ascertained by the referenced documents.  Your client does not get to pick and choose what is relevant here.


Sincerely,

/s/J. Matthew Williams
Partner of
MITCHELL SILBERBERG & KNUPP LLP


cc: counsel of record

# EXHIBIT G



MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

J. Matthew Williams
Partner
(202) 355-7904 Phone
(202) 355-7984 Fax
mxw@msk.com

February 1, 2022

**VIA E-MAIL ONLY**

Bruce Bellingham
Spector Gadon Rosen Vinci P.C.
1635 Market Street, 7th Floor
Philadelphia, PA 19103

Re:    **Werner v. Hive Media - Discovery Responses (Document Requests)**

Counsel:

This letter addresses issues of concern regarding your client's responses, served January 17, 2022, to our requests for production of documents.  Please let us know a time you are available to meet and confer this week.

Rather than going one-by-one through the requests, I am first going to raise some general issues. These issues infect multiple responses, so we need clarity on your positions.  We reserve all rights with respect to all written discovery requests.

General Objections → The issues concerning Incredible Features and the Preliminary Statement portion of my prior letter concerning your interrogatory responses apply equally in this context.

Confidentiality Objections → We have communicated separately about these issues.  We reserve all rights.

Objections followed by a promise not to withhold →This is fine, but we need to understand each other.  The objections are stated but meaningless because you are agreeing to produce all responsive documents, correct?

Responses where you claim to not be withholding documents but then redefine our requests → We will treat these responses as intending to withhold documents.  You cannot object, state you are not withholding documents based on objections, and then state that you will only look for and produce the documents you want to produce.  For example, we do not agree you can only produce agreements and not communications.  We are entitled to all of the documents we requested, and we see no merit in your objections.  Your burden objections are unsupported; and your proportionality objections fly in the face of your client's insistence that this case is far more valuable than it truly is.  He cannot have it both ways.  Please agree to produce the requested documents.

Objections based on the purported burden associated with your client's "many litigation files" → We do not credit these objections.  If your client wants to sue lots of people, that is not our problem.  The reason we need the documents, is he is now suing Hive Media and claiming other



Bruce Bellingham
February 1, 2022
Page 2

settlements and cases and orders impact our case.  At every turn, you point us to other cases and say because of those cases, you are asking for more settlement money.  We will not let him limit his discovery obligations just because he sues lots of people, and then turn around and use other cases as swords.

Engagement Agreements → Please provide support for your refusal to produce these documents.

No. 25 → Are you saying there are no communications between Incredible Features and Werner other than agreements?  That seems implausible.


Sincerely,

/s/J. Matthew Williams
Partner of
MITCHELL SILBERBERG & KNUPP LLP


cc: counsel of record

# EXHIBIT H



sgrvlaw.com

**Bruce W. Bellingham**
1635 Market Street, 7ᵗʰ Fl.
Philadelphia, PA 19103 P
215.241.8916
F 215.531.9115
bbellingham@sgrvlaw.com

424 Madison Avenue
3rd Floor
New York, NY 10017
P 212.520.1195

Admitted to practice:
PA, FL, NY

February 3, 2022

J. Matthew Williams
MITCHELL SILBERBERG & KNUPP LLP
1818 N Street, NW, 7th Floor
Washington, DC 20036-2406

*Re: Defendants' Deficiency Letter on Requests for Production
      Dated 2.1.2022*

Dear Matt:

In your letter dated February 1, 2022 you excuse yourself from your duty to provide specific allegations of deficiencies.  Specifying alleged deficiencies is the purpose of a deficiency letter in advance of, or to avoid the need for, a motion to compel.  *Ovieda v. Sodexo Operations*, 2013 WL 7174021, at *2 (C.D. Cal. Apr. 11, 2013) ("The moving party is required to serve on the opposing party a letter requesting such a conference, and the letter must identify each discovery request in dispute, state briefly the moving party's position as to each request, and specify the terms of the discovery order sought.") (citing CADC L.R. 37–1); *Wilkins v. Barber*, 2021 WL 4033126, at *3 (E.D. Cal. Sept. 3, 2021) ("Initially, the court notes that plaintiff failed to specifically identify each discovery request by number, setting forth the specific response and objections, and then explaining why such response or objections are insufficient. Therefore, the court could deny plaintiff's motion based on such shortcomings."); 10A Fed. Proc., L. Ed. § 26:608 ("A party moving to compel the production of documents has a burden to specifically and individually identify each discovery request in dispute and specifically, as to each request, identify the nature and basis of the dispute, including explaining how a response or answer is deficient or incomplete, and ask the court for specific relief as to each request. The party moving to compel production also bears the burden of explaining how the requested information is relevant.")

Without having a letter specifying alleged deficiencies it is very difficult to respond.  However, we will try.

In response to several requests we state objections but nonetheless provide requested documents without waiving the objections.  We reserve our right to assert the objection in the event of a dispute.  There is nothing "meaningless" about it.  If you have concerns about any specific objections, please identify the requests and explain your quarrel with the objections so that we can respond.

Your fifth paragraph begins, "Responses where you claim to not be withholding documents but then redefine our requests→We will treat these responses as intending to withhold documents.…" Your characterization of our responses does not tell us what you contend is deficient about any specific responses and we do not concede that you may "treat" our responses as saying what they do not say. Please articulate allegations of deficiency with reasonable specificity so that we can respond.

Your sixth paragraph is summarized by the declaration that: "We will not let him limit his discovery obligations just because he sues lots of people, and then turn around and use other cases as swords." You state no intelligible allegation of deficiency. This paragraph is bombast that is not intended to resolve a discovery dispute. Please state your points as reasoned allegations of deficiencies in specific discovery responses so that we may consider your contentions and respond.

We objected to the production of attorney engagement letters because they are not relevant. Your burden, in alleging deficient responses, is to state which of the responses are disputed, why the responses are deficient, the reasons the responding party's objections are without merit, and *the relevance of the requested information to the prosecution of his action*. *Valenzuela v. City of Calexico*, 2015 WL 926149, at *1 (S.D. Cal. Mar. 4, 2015). It is your duty to explain in a letter, with supporting legal authority, the relevance of plaintiff's retainer agreements for deciding a copyright infringement action.

You object to the response to request number 25 by stating that the response "seems implausible" to you. That apparent reference to your own sixth sense does not allege a deficiency to which we can sensibly respond.

If this is the record of written communications that you wish to place before Judge Brooks on a motion to compel, which you seem determined to file, we are available to meet and confer on Monday, February 7 between 9:00 and 4:00 PST. By refusing to provide a customary deficiency letter, you effectively insist on a conference without giving Plaintiff an opportunity to consider and research your specific contentions in advance. Your letter seems contrived to minimize the prospect of resolution. Judge Brooks' Chamber Rules make clear that he expects counsel to make a *good faith* effort to resolve discovery disputes. We hope you will reconsider and provide a professional deficiency letter raising reasoned contentions about specific responses.

Yours very truly,

/s/Bruce Bellingham
Bruce Bellingham
Co-counsel for Plaintiff Jeffery R. Werner

PHILADELPHIA     NEW JERSEY     FLORIDA     NEW YORK     ATLANTA

**Exhibit H**
**Page 77**

# EXHIBIT I

Exhibit I
Page 78



515 S. Flower Street, Suite 1800
Los Angeles, CA 90071

**PETER E. PERKOWSKI**
m: 323.707.3154
peter@perkowskilegal.com

February 4, 2022

**By Email Only**

J. Matthew Williams
Mitchell Silberberg & Knupp LLP
1818 N Street NW, 7th Floor
Washington, DC 20036-2406

**Re:     Werner v. Hive Media – Alleged deficiencies in plaintiff's responses to Interrogatories**

Dear Matt:

This responds to your February 1 letter identifying "issues of concern" regarding plaintiff's Objections and Responses to defendant's First Set of Interrogatories.

**Incredible Features:** We do not understand what you mean by the phrase "information within the possession, custody or control" of an entity. Information is not a tangible item that is possessed or over which one has custody. But if you are asking whether information within the knowledge of individuals associated with Incredible Features was included in responses, we can confirm that such information was included when it was both relevant and responsive.

**Preliminary statement:** You raised several issues concerning the Preliminary Statement.

*Privileged communications*: You demanded that we "withdraw the language refusing to identify privileged communications." We will not. In asserting privilege, we are required to expressly assert the claim and describe the communication sufficiently to establish the claim. *See* Fed. R. Civ. P. 26(b)(5)(A)(i), (ii). We are not required to do so in the interrogatory responses themselves. We are aware of our obligation to produce a privilege log and will comply with such obligation when it applies.

*Additional responsive information*: You asked us to confirm our understanding of how the Federal Rules of Civil Procedure and Federal Rules of Evidence operate. This is not a deficiency in our response that requires discussion. Frankly, the request is obnoxious.

*Responses "without waiving the objections"*: You assumed that responses without specific objections that were made "without waiving the objections" were referring to the Preliminary Statement. There were no objections in the Preliminary Statement. There were, however, Objections to the Definitions and Instructions.

Further, you asked us to confirm that "if any information is being withheld based on these purported objections it will be identified." Unlike with responses to requests for production, stating whether information is being withheld on the basis of an objection is not a requirement of responding to interrogatories. The Rule requires only that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

Nevertheless, the Objections to the Definitions and Instructions stated that we would respond to each interrogatory consistent with applicable rules and laws. If you believe that we failed to do so,

**Exhibit I**
**Page 79**



we trust that you included that failure in your "issues of concern" regarding our responses to each interrogatory.

**Interrogatories:** Remarkably, you appear to have "issues of concern" as to every single interrogatory. We address each below.

*No. 1*: Your letter does not identify any deficiency in our response to Interrogatory No. 1. Rather, the letter asks us to confirm that the response is complete. We don't believe we have an obligation to do so. The objections are signed, and the responses are verified. Further, as to the part of the response that references Rule 33(d): if you believe that those documents do not provide a complete response, please inform us of the alleged deficiency so that we can respond to the specific issue.

*No. 2*: You ask again for confirmation that information has not withheld based on objections. Again, unlike with responses to requests for production, stating whether information is being withheld on the basis of an objection is not a requirement of responding to interrogatories. This is not a deficiency in our response. The issue is your unwillingness to accept our signed and verified responses.

You also state that the creation of the works and who authored them "are clearly relevant." To what claim or defense, and probative of what issue in dispute? You have the burden, in alleging deficient responses, to state "the relevance of the requested information to the prosecution of [the] action." *Valenzuela v. City of Calexico*, 2015 WL 926149, at *1 (S.D. Cal. Mar. 4, 2015). You have not done so; rather, you have provided nothing but argument.

Moreover, the copyright registrations are presumptively valid, 17 U.S.C. § 410(c), and defendant has not asserted a defense of invalidity. Nor could it, as there are no plausible facts that would support such a claim or defense. Defendant is not entitled to discovery to support hypothetical, unasserted defenses. *E.g.*, *Powell v. Regency Hosp. of Nw. Indiana, LLC*, No. 2:10-CV-220-PRC, 2011 WL 1157528, at *3 (N.D. Ind. Mar. 28, 2011).

Nevertheless, plaintiff provided a response to this interrogatory, despite it being irrelevant. Individuals associated with Incredible Features may be contacted through counsel for defendant. The names and contact information of the French body-painting team are unknown.

*No. 3*: Your letter does not identify any deficiency in our response to Interrogatory No. 3. Rather, the letter once again asks us to confirm that the response is complete. We don't believe we have an obligation to do so. The objections are signed, and the responses are verified. Further, as to the part of the response that references Rule 33(d): if you believe that those documents do not provide a complete response, please inform us of the alleged deficiency so that we can respond to the specific issue.

*No. 4*: Your letter does not identify any deficiency in our response to Interrogatory No. 4. Rather, the letter once again asks us to confirm that the response is complete. We don't believe we have an obligation to do so. The objections are signed, and the responses are verified. Further, as to the part of the response that references Rule 33(d): if you believe that those documents do not provide a complete response, please inform us of the alleged deficiency so that we can respond to the specific issue.

**Exhibit I**
**Page 80**



February 4, 2022
Page 3

*No. 5*: Your letter does not identify any deficiency in our response to Interrogatory No. 5. Rather, the letter once again asks us to confirm that the response is complete. We don't believe we have an obligation to do so. We are aware of our discovery obligations under the Federal Rules and do not need repeated reminders.

*No. 6*: The objections are not meritless. Again, the copyright registrations are presumptively valid, 17 U.S.C. § 410(c), and defendant has not asserted a defense of invalidity, including fraud on the Copyright Office. Nor could it, as there are no plausible facts that would support such a claim. Defendant is not entitled to discovery to support hypothetical, unasserted defenses. *E.g.*, *Powell*, 2011 WL 1157528, at *3. Because the requested information is irrelevant, the burden of gathering it and providing it is self-evident. Accordingly, the burden and proportionality objections are well-taken.

Nevertheless, plaintiff provided a response to this interrogatory, despite it being irrelevant. If you believe that the documents identified do not provide a complete response, please inform us of the alleged deficiency so that we can respond to the specific issue.

*No. 7*: The objections are not meritless. The interrogatory asks for the identity of every person plaintiff communicated with about Hive Media, regardless of subject. There are an infinite number of subjects about which one could communicate about Hive Media, the vast majority of which are inconsequential to the claims and defenses at issue. (E.g., "Did you see that OpenWeb made an offer to purchase Hive Media?") Your letter uses the word "entitled" no fewer than four times, including in your objections to plaintiff's response to this interrogatory; but the assertion that plaintiff must identify people with whom he may have casually spoken about Hive Media shows how little defendant understands the term in the context of discovery.

Nevertheless, plaintiff does not dispute that communications "concerning … this action" are relevant and discoverable. Plaintiff therefore provided a response to this interrogatory. If you believe that the documents identified do not provide a complete response, please inform us of the alleged deficiency so that we can respond to the specific issue.

*No. 8*: There is a lot going on in your objections to plaintiff's response to this interrogatory. Let's break it down.

> Amounts paid to representatives: You assert, without support, that the "amount paid to lawyers or others [is fair game], as that is related to the actual value of the settlements to plaintiff." The value of the settlement is the amount paid to plaintiff—that is, the amount the parties agreed to pay and to accept for the use of the copyrighted material. Everything else is a business expense. You have the burden, in alleging deficient responses, to state "the relevance of the requested information to the prosecution of [the] action." *Valenzuela v. City of Calexico*, 2015 WL 926149, at *1. If you have authority showing that a copyright owner's business expenses are relevant to damages, we'd be happy to consider it. Moreover, since that information is irrelevant, the burden of gathering and providing it is self-evident. Accordingly, the burden and proportionality objections are well-taken.

> Settlement agreements: To the extent plaintiff intends to "build his case" on settlements, we do not dispute that the agreements are relevant and discoverable. That's not the issue. Plaintiff's relevance objection pertained to the amounts paid to representatives, which is addressed above.

Exhibit I
Page 81



February 4, 2022
Page 4

Confidentiality: Your letter professes to "work with [us] on the protective order," but your email from February 1 rejected an attempt to do so. Understandably, you professed an ignorance about the specific terms of the settlement agreements you seek. We, however, know their terms, and plaintiff is obligated not to breach the obligations in those contracts. Because of the terms in some of them, we do not believe the standard protective order satisfies our obligations, and we would prefer a separate order that requires us to produce the agreements. We will be moving for such an order. As our proposal will result in production of the settlements, it seems that you are refusing to take "yes" for an answer.

*No. 9*: Your letter does not identify any deficiency in our response to Interrogatory No. 9. Rather, the letter once again asks us to confirm that the response is complete. We don't believe we have an obligation to do so. We are aware of how the various provisions of the Federal Rules of Civil Procedure and Federal Rules of Evidence operate and do not need to be repeatedly reminded—or threatened—in order to comply with them.

*No. 10*: Your letter asserts that plaintiff "does not get to pick and choose what is relevant here." The assertion goes both ways and applies to defendant as well. Fortunately, there are longstanding and well-defined rules that govern relevance in the context of copyright infringement actions and disputes in the context of discovery.

One of those longstanding and well-defined rules governing discovery disputes is this: You have the burden, in alleging deficient responses, to state "the relevance of the requested information to the prosecution of [the] action." *Valenzuela*, 2015 WL 926149, at *1. You have provided nothing but attorney argument.

We objected to this request because it seeks the "total amount of money" that plaintiff received in the last 11 years from his licensing activity. The total amount of money is a single number. That single number, without context—no information about the photographs licensed, how many, their relative demand or value, the licensing terms such as length and scope of use—is essentially meaningless as to the calculation of damages in this matter (or any other matter). It's just a raw number. We fail to see how that raw number is probative of any disputed issue. But as always, if you have authority otherwise, we'd be happy to consider it.

Finally, we provided a response to this interrogatory. The response identifies the license related to the images asserted in this case, and therefore the license revenue for those images. We do not dispute the relevance and discoverability of that information.

\* \* \*

We are happy to discuss the foregoing by telephone at your convenience.

Best regards,

/s/ Peter Perkowski

Peter Perkowski

**Exhibit I
Page 82**

# EXHIBIT J



**SPECTOR
GADON
ROSEN
VINCI** P.C.

Attorneys at Law

sgrvlaw.com

Bruce W. Bellingham
1635 Market Street, 7th Fl.
Philadelphia, PA 19103 P
215.241.8916
F 215.531.9115
bbellingham@sgrvlaw.com

424 Madison Avenue
3rd Floor
New York, NY 10017
P 212.520.1195

Admitted to practice:
PA, FL, NY

February 6, 2022

J. Matthew Williams
MITCHELL SILBERBERG & KNUPP LLP
1818 N Street, NW, 7th Floor
Washington, DC 20036-2406

*Re: Defendants' Deficiency Letter on Requests for Production
    Dated 2.1.2022*

Dear Matt:

This letter amends the letter sent on February 3, 2022 to clarify arguments in advance of our conference tomorrow.

In your letter dated February 1, 2022 you excuse yourself from your duty to provide specific allegations of deficiencies. Specifying alleged deficiencies is the purpose of a deficiency letter in advance of, or to avoid the need for, a motion to compel. *Ovieda v. Sodexo Operations*, 2013 WL 7174021, at *2 (C.D. Cal. Apr. 11, 2013) ("The moving party is required to serve on the opposing party a letter requesting such a conference, and the letter must identify each discovery request in dispute, state briefly the moving party's position as to each request, and specify the terms of the discovery order sought.") (citing CADC L.R. 37–1); *Wilkins v. Barber*, 2021 WL 4033126, at *3 (E.D. Cal. Sept. 3, 2021) ("Initially, the court notes that plaintiff failed to specifically identify each discovery request by number, setting forth the specific response and objections, and then explaining why such response or objections are insufficient. Therefore, the court could deny plaintiff's motion based on such shortcomings."); 10A Fed. Proc., L. Ed. § 26:608 ("A party moving to compel the production of documents has a burden to specifically and individually identify each discovery request in dispute and specifically, as to each request, identify the nature and basis of the dispute, including explaining how a response or answer is deficient or incomplete, and ask the court for specific relief as to each request. The party moving to compel production also bears the burden of explaining how the requested information is relevant.")

Without having a deficiency letter specifying alleged deficiencies it is very difficult to respond. However, we will try.

"Objections followed by a promise not to withhold." You argue with this response, but the Rules require it. *See* Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). We don't view it as "meaningless." You appear to seek confirmation that we "are agreeing to produce all responsive documents." But that's not what the response says. We can confirm two things, both of which are

clearly stated in the responses:  One, we are producing the non-privileged responsive documents that can be located through a diligent search and reasonable

inquiry.  And two, we are not withholding documents on the basis of the objections.

"Responses where you claim to not be withholding documents but then redefine our requests→We will treat these responses as intending to withhold documents…." We disagree.  We are not "withholding" documents that we are not searching for or that we do not locate.  We understand that you take issue with that.  But your letter does not tell us what you contend is deficient.  Please articulate allegations of deficiency with reasonable specificity so that we can respond.

"Objections based on the purported burden associated with your client's 'many litigation files.'" You assert that you "will not let [plaintiff] limit his discovery obligations just because he sues lots of people, and then turn around and use other cases as swords."  You appear to misunderstand the nature of the burden.  It is not the number of lawsuits; it is the nature of how these documents have been kept, organized, or archived over the years, and whether they are accessible as a result.

Moreover, your assertion does not state an intelligible allegation of deficiency.  Your assertion on this issue merely expresses affect.  We do not care how you feel, but we do care about conducting this litigation in a professional manner.  Please state your points as allegation of deficiency in specific discovery responses so that we may consider your contentions and respond.

Engagement agreements.  We objected to the production of attorney engagement letters because they are not relevant. Your burden, in alleging deficient responses, is to state which of the responses are disputed, why the responses are deficient, the reasons the responding party's objections are without merit, and *the relevance of the requested information to the prosecution of his action.  Valenzuela v. City of Calexico*, 2015 WL 926149, at *1 (S.D. Cal. Mar. 4, 2015). It is your duty to explain, and support with legal authority, the relevance of plaintiff's retainer agreements for deciding a copyright infringement action.

No. 25. You contend that it "seems implausible" that there are no communications about agreements.  That apparent reference to your own sixth sense does not allege a deficiency requiring a response.

If this is the record of written communications that you wish to place before Judge Brooks on a motion to compel, which you seem determined to foment, we are available to meet and confer as agreed on Monday, February 7 at 11:00 AM PST.  By refusing to provide a proper deficiency letter, you effectively insist on a conference without giving us an opportunity to consider and research your

specific contentions in advance, reducing the prospect of resolution.  Judge Brooks' Chamber Rules make clear that he expects counsel to make a *genuine* effort to resolve discovery disputes. We hope you will reconsider and provide us with a customary deficiency letter.

Since you chose separate letters to address your concerns about plaintiff's responses to the interrogatories versus the document requests, we responded separately regarding the interrogatories.

Yours very truly,

<u>/s/Bruce Bellingham</u>
Bruce Bellingham
Co-counsel for Plaintiff Jeffery R. Werner

# EXHIBIT K

**Ismaj, Gabriella**

| | |
|---|---|
| **From:** | Williams, Matthew |
| **Sent:** | Wednesday, February 9, 2022 7:23 AM |
| **To:** | 'Bruce Bellingham'; Peter Perkowski (peter@perkowskilegal.com) |
| **Cc:** | Ismaj, Gabriella; Evitt, Emily |
| **Subject:** | Hive/Werner - re: meet and confer |

Bruce and Peter,

Thank you for your time on Monday.  Despite our differences, I thought it was productive.  I continue to believe that the rules emphasize the import of talking through issues over lengthy deficiency letters and written responses, but given the positions in your prior letters and our desire to give you what you say you need to address our concerns we agreed to provide this additional written summary.

We thus write to memorialize at a high level our meet and confer on 2/7, and to identify some of the areas where issues remain outstanding, in hopes that we can further meet and confer to bridge the gap on the open issues. This email is not exhaustive of the issues or our prior discussion and we reserve all rights on all requests.

**General Matters**

- **Incredible Features**:  You confirmed that you have provided/will provide information on behalf of both Plaintiff and IFI without need for a subpoena to IFI.  You confirmed that a reasonable search of IFI has been conducted /will be conducted for information and documents.

- **Privileged Communications**: You confirmed that Plaintiff will log agreed privileged communications, but will not identify the privileged communications responsive to any request/interrogatory in Plaintiff's responses.  We are considering our position on this.  You also stated that all responsive privileged communications have already been produced with redactions.

- **"Without Waiving Objections" Language**: You confirmed that where a response does not have specific objections and merely incorporates the Preliminary Statement and General Objections by reference, Plaintiff is not withholding documents/information based on any objection. The objections merely state that you are not agreeing to anything the rules do not require of your client, and you did not identify anything where we violated the rules aside from reasserting specific objections contained in responses.

- **Confidentiality Objections/Settlements/Engagement Agreements**:  We disagreed as to the scope of discoverability of other lawsuits/settlements involving Plaintiff (e.g., ROG 8 and RFP 4, 20, 21, 23).  We stated that such documents (including settlement agreements, non-privileged communications regarding same, and the engagement agreements for each case) are relevant to challenging Plaintiff's damages theory that these settlements provide a purported basis for his entitled damages in this case, and which he presented to the judge previously.  We offered that if he wants to stipulate not to make this argument, we will consider such a proposal.  You stated that there are confidentiality provisions in the settlement agreements that prevent you from producing such documents/information and that Plaintiff would like an order requiring production before any production takes place. You again asked us to join you in a motion regarding same and we declined as it is not our burden to deal with plaintiff's promises to third parties, but we are considering whether the parties can find a resolution. You also stated that producing documents from the attorney files would be burdensome because it would be "essentially the entire case file."  However, you acknowledged that documents maintained by Plaintiffs' attorneys are within his possession, custody and control.  You also requested that we provide

1

**Exhibit K**
**Page 89**

authority for our position that the attorney engagement agreements are relevant. We stated that where fees are requested engagements are relevant but also that your client's arguments are somewhat novel and we feel that our explanation during the call that engagement agreements are necessary context to meaningfully assess the settlement payments and your client's fees claim are sufficient.  Your client apparently seeks damages based on settlement payments (split with attorneys) plus fees.  That is double dipping at the very least.  We intend to scrutinize each settlement and how it resulted in the payment amount in every respect.  You stated that you would discuss with your client, but that you expected that only the settlement agreements would be voluntarily produced. We likely have a dispute here.

**Interrogatories**

- **References to FRCP 33(d)**:  You confirmed that by referencing FRCP 33(d) and identifying documents in response to any Interrogatory, that the answer is complete and Defendant should be able to find the complete answer to that Interrogatory in those documents.  This confirmation might resolve issues with respect to ROGs 1, 3, 4, and 9.  But we emphasized that we cannot tell you, as your letter seems to request, what is missing from your client's production.  We do not know what we do not know.

- **ROG 2**:  We stated that this information is relevant to Plaintiff's alleged authorship of the photographs at issue. It also goes to his allegations of investment in the creative process.  You stated that the reason for the lack of information in this response is that Plaintiff purportedly does not have any more information.  It was not clear whether you will be supplementing this response.  Please confirm.

- **ROG 5**:  Plaintiff will be supplementing this response within the time line we are under.

- **ROG 6**:  Plaintiff will be supplementing this response within the time line we are under to better identify the documents that contain the requested information.  We disagree that Plaintiff should need to reference documents for this and we are having a hard time understanding why the dates cannot simply be stated.

- **ROG 7**:  Plaintiff will be supplementing this response within the time line we are under.

- **ROG 8**:  You are going to speak with your client about this and determine if Plaintiff will be supplementing to provide further details regarding the settlements/other lawsuits.  The settlement/confidentiality issues are further discussed above.

- **ROG 10**: You stated that you produced all licenses by Plaintiff since 2010 and confirmed that Plaintiff is not withholding information/documents based on the relevance objection. You agreed to clarify the relevance objection. We believe we are entitled to the requested information in a written response.

**Requests for Production**

- **Objections Followed By Promise Not To Withhold**:  You represented that there is nothing responsive being withheld based on your objections, and that Plaintiff is merely preserving his objections under the Federal Rules.  Plaintiff has not narrowed the class of documents searched for based on any objections and a diligent search and reasonable inquiry has been/will be conducted.

- **Re-Defining Requests**:  As we stated in our prior correspondence, there are a number of responses where Plaintiff claims to not be withholding documents, but then redefines the requests in the response (e.g., agreeing to produce only agreements only when the request seeks agreements and communications).  We stated during our call that we would provide you with a list of requests that fall into this category.  Those requests include at least: RFPs 4-10, 12, 20, 21.

**Exhibit K**
**Page 90**

- **RFP 25**: You will check and confirm that there are no communications about the agreement(s) between IFI and Plaintiff. IFI and Plaintiff are apparently one and the same, so you said there would not really be communications with IFI by Werner about agreements. It would be like him sending emails to himself.

We look forward to discussing further today.

Regards,
Matt



**J. Matthew Williams | Partner, through his professional corporation**
T: 202.355.7904 | mxw@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
1818 N Street NW, 7th Floor, Washington, DC 20036

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**Exhibit K**
**Page 91**

# EXHIBIT L

Exhibit L
Page 92

**Ismaj, Gabriella**

| | |
|---|---|
| **From:** | Peter Perkowski <peter@perkowskilegal.com> |
| **Sent:** | Monday, February 14, 2022 8:58 AM |
| **To:** | Williams, Matthew; Ismaj, Gabriella; Evitt, Emily |
| **Cc:** | 'Bruce Bellingham' |
| **Subject:** | [EXTERNAL] Werner v. Hive - outstanding discovery issues |

-EXTERNAL MESSAGE-
Counsel:

After discussions with our client, we are providing the additional information below on some of the issues discussed at our conferences of counsel last week. We do not address issues for which a dispute appears to fully set. Rather, we are addressing open issues only. If there any open questions you believe that we haven't addressed, please let us know.

*Document Requests*
- Nos. 5, 8-10: We believe that all responsive documents, without limitation, that could be located through a diligent search and reasonable inquiry have been produced, including communications (if any). If additional documents are located through continuing efforts, including in the hard copy documents that are being pulled from storage, we will produce them.
- No. 6: After our discussions led to a clearer understanding of what you were seeking through this request, we will be producing additional responsive documents, without limitation.
- Nos. 7, 12: Regarding documents pertaining to the posting of the Works on the internet by parties other than licensees, the only responsive documents are Tin Eye search results that would reflect that information. We continue to maintain that these documents are irrelevant, but we are considering whether to produce screen shots of the results, or existing copies (if any). We will not conduct new searches. We note that anyone can do a reverse-image search and retrieve similar results using publicly available tools. Please let us know if defendant insists on production of these documents.
- No. 20: Plaintiff does not have any policies, procedures, manuals, or instruction documents related to enforcement efforts. A contract between JW/Incredible Features and Brian Wolff/International Intellectual Property Inc. pertaining to enforcement work appears marginally relevant, so that would be produced.
- Nos. 20 and 21: Plaintiff does have cease-and-desist letters, for cases in which they were sent. We continue to maintain that these documents are irrelevant: the documents aren't probative of any fact (including showing when or how plaintiff chooses to send cease-and-desist letters). There is the additional issue of contractual confidentiality: In cases that resulted in a settlement, confidentiality provisions in the settlement agreement would cover documents pertaining to the dispute. Please let us know if defendant insist on production of these documents.
- No. 25: We can confirm that there are no written communications related to the JW-IFI agreement.

We will produce additional documents promptly, and efforts are already underway to locate and collect them.

*Interrogatories*
- Rog. 1: We can confirm that all requested details about discovery of the infringements are reflected in the documents identified.
- Rog. 2: Giraffe Woman's ring maker is deceased. We do not have names or contact information for the body painters, except what was produced in the documents (e.g., model releases).
- Rog. 3: We will supplement this response to provide additional information concerning licensing terms.
- Rog. 5: We will supplement this response to provide additional information.
- Rog. 6: We will supplement this response to provide additional information concerning publication of the images.
- Rog. 7: We will supplement this response to provide additional information concerning communications "about Hive."

**Exhibit L**
**Page 93**

- Rog. 10: We will supplement this response to clarify the response. We can confirm that the licenses produced reflect all revenue receiving from licensing since 2010.

We hope to be in a position to serve these supplemental responses by the end of the week.

*Settlement Agreements*
We will confirm separately whether/when we are withdrawing our claim that settlement agreements are a relevant measure of damages. We don't expect that will take long.

* * *

At least as to the open questions addressed above, we believe this should resolve all disputes except: (1) settlement agreements, (2) RFPs 7 and 12 (reverse-image search results), and (3) RFPs 20 and 21 (cease-and-desist letters). Please let us know your position on (2) and (3). Happy to discuss.

Best regards,

*New address and office phone number as of 12-1-2021*
**Peter E. Perkowski** (*he/him, Mr./Mx.*)
**Perkowski Legal, PC**
515 S. Flower St., Suite 1800 | Los Angeles, CA 90071
o: **+1 (213) 340-5796** | m: **+1 (323) 707-3154**
**peter@perkowskilegal.com** | **web**
*Admitted in CA, DC, and NY*

**Exhibit L**
**Page 94**

# EXHIBIT M

**Ismaj, Gabriella**

---

| | |
|---|---|
| **From:** | Williams, Matthew |
| **Sent:** | Monday, February 21, 2022 10:53 AM |
| **To:** | Peter Perkowski; Evitt, Emily; Ismaj, Gabriella |
| **Cc:** | 'Bruce Bellingham' |
| **Subject:** | RE: [EXTERNAL] Werner v. Hive Media - JW supplemental responses to Hive ROG1 |

Thank you, no apology needed. Hope you have a nice holiday.

Sent with BlackBerry Work
(www.blackberry.com)

---

**From:** Peter Perkowski <peter@perkowskilegal.com>
**Date:** Monday, Feb 21, 2022, 11:06 AM
**To:** Williams, Matthew <mxw@msk.com>, Evitt, Emily <efe@msk.com>, Ismaj, Gabriella <gan@msk.com>
**Cc:** 'Bruce Bellingham' <BBellingham@sgrvlaw.com>
**Subject:** RE: [EXTERNAL] Werner v. Hive Media - JW supplemental responses to Hive ROG1

-EXTERNAL MESSAGE-
Hi Matt. It was an attempt to be inclusive, not exclusive. We are not omitting any category of settlements. Apologies for the confusion!

Pete

*New office phone number as of 12-1-2021*
**Peter E. Perkowski** (*he/him, Mr./Mx.*)
o: **+1 (213) 340-5796** | m: **+1 (323) 707-3154**
peter@perkowskilegal.com | **web**

---

**From:** Williams, Matthew <mxw@msk.com>
**Sent:** Sunday, February 20, 2022 8:49 AM
**To:** 'Peter Perkowski' <peter@perkowskilegal.com>; Evitt, Emily <efe@msk.com>; Ismaj, Gabriella <gan@msk.com>
**Cc:** 'Bruce Bellingham' <BBellingham@sgrvlaw.com>
**Subject:** RE: [EXTERNAL] Werner v. Hive Media - JW supplemental responses to Hive ROG1

Peter,

To clarify on settlements, I read your language as carefully crafted and as omitting some category of settlements, but I cannot figure out the scope of that category.  Can you please clarify?  Thank you.



**J. Matthew Williams | Partner, through his professional corporation**
T: 202.355.7904 | mxw@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
1818 N Street NW, 7th Floor, Washington, DC 20036

**Exhibit M**
**Page 96**

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Peter Perkowski <peter@perkowskilegal.com>
**Sent:** Friday, February 18, 2022 8:26 PM
**To:** Williams, Matthew <mxw@msk.com>; Evitt, Emily <efe@msk.com>; Ismaj, Gabriella <gan@msk.com>
**Cc:** 'Bruce Bellingham' <BBellingham@sgrvlaw.com>
**Subject:** [EXTERNAL] Werner v. Hive Media - JW supplemental responses to Hive ROG1

-EXTERNAL MESSAGE-
Counsel,

Attached for service are Plaintiff's Supplemental Responses to Hive's First Interrogatories.

In addition, regarding settlement agreements: Plaintiff will stipulate that he will not rely on settlements negotiated in litigation or in response to prelitigation demands concerning infringement if Defendant agrees to withdraw its requests for them. Please let us know. Regarding any remaining open issues, we have happy to jump on the phone for another conversation.

Best regards,

*New address and office phone number as of 12-1-2021*
**Peter E. Perkowski** (*he/him, Mr./Mx.*)
**Perkowski Legal, PC**
515 S. Flower St., Suite 1800 | Los Angeles, CA 90071
o: **+1 (213) 340-5796** | m: **+1 (323) 707-3154**
peter@perkowskilegal.com | web
*Admitted in CA, DC, and NY*

**Exhibit M**
**Page 97**

# EXHIBIT N

**Ismaj, Gabriella**

| | |
|---|---|
| **From:** | Bruce Bellingham <BBellingham@sgrvlaw.com> |
| **Sent:** | Thursday, March 3, 2022 9:34 AM |
| **To:** | Ismaj, Gabriella; Williams, Matthew; 'Peter Perkowski' |
| **Cc:** | Evitt, Emily; Anfuso, Alex |
| **Subject:** | RE: [EXTERNAL] RE: Hive/Werner - Status of Discovery Disputes |

-EXTERNAL MESSAGE-
Gabriella,

We read this as a request for <u>our</u> licensing or <u>our</u> other publication (like posting online) of the Works.  This will confirm our agreement to produce such documents.



**Bruce Bellingham, Esquire**

# Spector Gadon Rosen Vinci P.C.

**T** +1 215-241-8916
**F** +1 215-531-9115
**E** BBellingham@sgrvlaw.com

**www.sgrvlaw.com**   1635 Market Street, 7th Floor, Philadelphia, PA 19103

This communication including attachments, may contain information that is confidential and protected by the attorney/client or other privilege. If you are not the intended recipient of this communication, or if you believe that you have received this communication in error, please notify the sender immediately and kindly delete this email, including attachments, without reading or saving them in any manner.
IRS Circular 230 Disclosure: To ensure compliance with U.S. Treasury Regulations governing tax practice, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including attachments) was not written to be used for and cannot be used for (i) purposes of avoiding any tax-related penalties that may be imposed under Federal tax laws, or (ii) the promotion, marketing, or recommending to another party of any tax-related transaction or matter addressed herein.

**From:** Ismaj, Gabriella <gan@msk.com>
**Sent:** Wednesday, March 2, 2022 7:39 PM
**To:** Bruce Bellingham <BBellingham@sgrvlaw.com>; Williams, Matthew <mxw@msk.com>; 'Peter Perkowski' <peter@perkowskilegal.com>
**Cc:** Evitt, Emily <efe@msk.com>; Anfuso, Alex <ala@msk.com>
**Subject:** RE: [EXTERNAL] RE: Hive/Werner - Status of Discovery Disputes

{EXTERNAL EMAIL} This message originated outside of your organization.
Thanks, Bruce.

I also would like to follow up regarding RFP 11, which you stated was confusing.

RFP 11 seeks "[a]ll DOCUMENTS, INCLUDING all COMMUNICATIONS, CONCERNING any publication or online posting of any of the WORKS or other photographs registered with the WORKS, by YOU and/or IFI INCLUDING on social media, articles, blogs and/or websites."

**Exhibit N**
**Page 99**

During our meet and confer, you stated that Plaintiff would supplement his production with respect to this request.  While we understand that Plaintiff's supplemental production is forthcoming, we need clarity on what Plaintiff is agreeing to search for and produce.  Is Plaintiff going to provide us with all documents in his possession, custody and control responsive to this Request?  If the answer is no, please specifically identify what Plaintiff will or will not produce so that we can assess whether we need to move to compel.

Thank you,
Gabriella



**Gabriella Nourafchan Ismaj | Attorney-at-Law**
T: 310.312.3290 | gan@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Bruce Bellingham <BBellingham@sgrvlaw.com>
**Sent:** Wednesday, March 2, 2022 12:17 PM
**To:** Ismaj, Gabriella <gan@msk.com>; Williams, Matthew <mxw@msk.com>; 'Peter Perkowski' <peter@perkowskilegal.com>
**Cc:** Evitt, Emily <efe@msk.com>; Anfuso, Alex <ala@msk.com>
**Subject:** RE: [EXTERNAL] RE: Hive/Werner - Status of Discovery Disputes

-EXTERNAL MESSAGE-
Gabriella,

I confirm.

Bruce



**Bruce Bellingham, Esquire**
## Spector Gadon Rosen Vinci P.C.
**T** +1 215-241-8916
**F** +1 215-531-9115
**E** BBellingham@sgrvlaw.com

**www.sgrvlaw.com**  1635 Market Street, 7th Floor, Philadelphia, PA 19103

This communication including attachments, may contain information that is confidential and protected by the attorney/client or other privilege. If you are not the intended recipient of this communication, or if you believe that you have received this communication in error, please notify the sender immediately and kindly delete this email, including attachments, without reading or saving them in any manner.

**Exhibit N**
**Page 100**

IRS Circular 230 Disclosure: To ensure compliance with U.S. Treasury Regulations governing tax practice, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including attachments) was not written to be used for and cannot be used for (i) purposes of avoiding any tax-related penalties that may be imposed under Federal tax laws, or (ii) the promotion, marketing, or recommending to another party of any tax-related transaction or matter addressed herein.

**From:** Ismaj, Gabriella <gan@msk.com>
**Sent:** Wednesday, March 2, 2022 2:38 PM
**To:** Williams, Matthew <mxw@msk.com>; 'Peter Perkowski' <peter@perkowskilegal.com>; Bruce Bellingham <BBellingham@sgrvlaw.com>
**Cc:** Evitt, Emily <efe@msk.com>; Anfuso, Alex <ala@msk.com>
**Subject:** RE: [EXTERNAL] RE: Hive/Werner - Status of Discovery Disputes

{EXTERNAL EMAIL} This message originated outside of your organization.
Bruce, can you please confirm regarding this issue (pulled from Peter's email below):

**ROG 10 & RFP 10:** I believe we have produced licenses for all works, not just the works at issue, going back to 2010. (Bruce can confirm.) As for the ROG, we will not calculate that for you. Happy to discuss.

Thank you,
Gabriella



**Gabriella Nourafchan Ismaj | Attorney-at-Law**
T: 310.312.3290 | gan@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Williams, Matthew <mxw@msk.com>
**Sent:** Wednesday, March 2, 2022 6:35 AM
**To:** 'Peter Perkowski' <peter@perkowskilegal.com>; Ismaj, Gabriella <gan@msk.com>; 'Bruce Bellingham' <BBellingham@sgrvlaw.com>
**Cc:** Evitt, Emily <efe@msk.com>; Anfuso, Alex <ala@msk.com>
**Subject:** RE: [EXTERNAL] RE: Hive/Werner - Status of Discovery Disputes

Peter,

We have reviewed your email.  It appears we have multiple disputes.  We will speak with our client and consider how to address your client's deficiencies, one-sided proposals and refusals.

Gabby from my team may have a specific question or two to pose.  Please respond to her today and as soon as practicable if she writes.  It should not take long and we have a deadline.

Hive reserves all rights etc of course on every issue about which we have communicated.

Regards,

**Exhibit N**
**Page 101**

Matt



**J. Matthew Williams | Partner, through his professional corporation**
T: 202.355.7904 | mxw@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
1818 N Street NW, 7th Floor, Washington, DC 20036

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Peter Perkowski <peter@perkowskilegal.com>
**Sent:** Monday, February 28, 2022 9:09 PM
**To:** Ismaj, Gabriella <gan@msk.com>; Williams, Matthew <mxw@msk.com>; 'Bruce Bellingham' <BBellingham@sgrvlaw.com>
**Cc:** Evitt, Emily <efe@msk.com>
**Subject:** [EXTERNAL] RE: Hive/Werner - Status of Discovery Disputes

-EXTERNAL MESSAGE-
Gabriella,

On the requests where we've agreed to produce documents but have not yet done so, we do not believe there is a dispute that requires court intervention. The document search and collection is ongoing and involves paper and electronic storage that is considered archive, and thus is taking longer than typical. We do not have an estimate. (We note that defendants have produced *no* documents to date. We have committed to producing documents, so there is no dispute.)

**RFP 7 & 12**: We believe these documents are not probative of any issue in dispute, which are ownership, copying, and damages. (You may contend registration is in issue, but that defense is largely obviated by the Supreme Court's *Univsion* decision last week.) Congress intended  to give victims of copyright infringement the right to bring infringement claims, and it drafted the law as a no-fault tort. Hive cannot get discovery on a theory that enforcing rights conferred by Congress is improper. Such evidence has no probative value, especially since Hive did not plead a "copyright abuse" defense (and, had it done  so, it would have to prove antitrust injury (which also was not alleged and cannot be, given that the parties are not in competition) or a fraud defense. We previously asked for a theory of relevance, or a case showing that this "evidence" is discoverable, but you have not provided any. Moreover, as we previously pointed out, this evidence can be obtained through a reverse-image search by anyone. We appear to have a dispute here but would be happy to discuss further.

**RFP 11:** We're unsure of what you mean by "Please also confirm that the supplemental production will include all evidence of the availability of the works at issue (and/or other photographs registered with the works at issue) online in Plaintiff's possession, custody and control, including social media." The requests asks for postings or licenses "by YOU and/or IFI," which we've already committed to producing. If you're asking for evidence along the lines of RFP 7 & 12 (above), then it's beyond the scope of this request (and also not probative, as discussed above). One content pirate cannot exonerate itself by pointing to another. We're unsure what the dispute is here, so we are happy to discuss further.

**RPF 20:** We are confirming that we will produce the IFI/IIPI contract.

**Exhibit N**
**Page 102**

**RFP 4, 17, 20, & 21 and ROG 8:** Your condition (that Plaintiff agree not to require Defendant's production of the same categories of documents) was not something we discussed and certainly not something we agreed to. Hive's previous settlement agreements are evidence of its knowledge of copyright protections, and therefore are probative of willfulness. Our settlement agreements are probative of nothing, since we've stipulated that we will not be using them in our damages calculation.

**RFP 23:** This appears to be a dispute that needs Court resolution.

**ROG 10 & RFP 10:** I believe we have produced licenses for all works, not just the works at issue, going back to 2010. (Bruce can confirm.) As for the ROG, we will not calculate that for you. Happy to discuss.

Best regards,

*New office phone number as of 12-1-2021*
**Peter E. Perkowski** (*he/him, Mr./Mx.*)
o: **+1 (213) 340-5796** | m: **+1 (323) 707-3154**
peter@perkowskilegal.com | web

---

**From:** Ismaj, Gabriella <gan@msk.com>
**Sent:** Monday, February 28, 2022 5:21 PM
**To:** Williams, Matthew <mxw@msk.com>; Peter Perkowski <peter@perkowskilegal.com>; 'Bruce Bellingham' <BBellingham@sgrvlaw.com>
**Cc:** Evitt, Emily <efe@msk.com>
**Subject:** RE: Hive/Werner - Status of Discovery Disputes

Bruce and Peter,

I write to follow up regarding Matt's email from Friday (below).  As you may recall, Defendant's deadline to move to compel regarding this discovery is currently set for this Friday, March 4.  As such, we need clarity on the points raised below ASAP.

Thank you,
Gabriella



**Gabriella Nourafchan Ismaj** | **Attorney-at-Law**
T: 310.312.3290 | gan@msk.com
**Mitchell Silberberg & Knupp** LLP | **www.msk.com**
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

---

**From:** Williams, Matthew <mxw@msk.com>
**Sent:** Friday, February 25, 2022 9:25 AM
**To:** Peter Perkowski <peter@perkowskilegal.com>; 'Bruce Bellingham' <BBellingham@sgrvlaw.com>
**Cc:** Evitt, Emily <efe@msk.com>; Ismaj, Gabriella <gan@msk.com>
**Subject:** Hive/Werner - Status of Discovery Disputes

**Exhibit N
Page 103**

Bruce and Peter,

We write to follow up regarding certain issues relating to Plaintiff's discovery responses that remain outstanding.  Given that Defendant's deadline to move to compel is approaching, we need to resolve these outstanding issues as soon as possible.  We would thus appreciate your prompt attention and response to the matters below.

- **RFP 6**:  On February 14, you stated that Plaintiff will be supplementing its production with respect to this request.  We have not received a supplemental production.  Please let us know when Plaintiff will produce these documents.

- **RFP 7 & 12**:  On February 14, you stated that the only responsive documents are Tin Eye search results, which Plaintiff maintains are irrelevant.  We disagree and believe those documents should be produced.  Please let us know whether and when Plaintiff will produce the results.

- **RFP 11**:  During our meet and confer, you stated that Plaintiff would be supplementing its production with respect to this request.  We have not received a supplemental production.  Please let us know when the production will be made.  Please also confirm that the supplemental production will include all evidence of the availability of the works at issue (and/or other photographs registered with the works at issue) online in Plaintiff's possession, custody and control, including social media.

- **RFP 20**:  On February 14, you stated that Plaintiff would be supplementing to produce contracts between Plaintiff/IFI and Brian Wolff/International Intellectual Property Inc.  We have not received a supplemental production.  Please confirm when Plaintiff will produce those documents.

- **RFP 4, 17, 20, & 21 and ROG 8**:  Pursuant to your representation that Plaintiff will not use settlement agreements from other disputes as evidence of damages, and without waiver of Defendant's right to seek such discovery in the future, we will agree not to require the production of Plaintiff's settlement agreements, claims and cease and desist letters.  We will draft something written for execution.  This agreement is also conditioned on Plaintiff's agreement not to require Defendant's production of the same categories of documents.

- **RFP 23**:  During our meet and confer, you stated that Plaintiff will not be producing engagement agreements, but it was unclear whether you were going to further discuss this with your client.  Please confirm whether Plaintiff will produce his engagement agreements. He is requesting fees in the case.

- **ROG 10 & RFP 10**:  We requested licensing information/documents for all works, not just the works at issue.  You stated on February 14 that all responsive documents have been produced, but the supplemental response served on February 18 (which directs Defendant to documents produced by Plaintiff) does not address works beyond those identified in the Complaint.  Again, we requested documents (including licensing agreements) sufficient to show all revenue earned by Plaintiff/IFI from the licensing, reproduction, sale, distribution or other exploitation of any photographs owned by Plaintiff/IFI, including but not limited to the works at issue in the Complaint.  As we mentioned in our calls, that information is relevant to damages.  Please confirm whether Plaintiff has provided or will be providing all responsive documents and information in response to these requests as they are written.

We reserve all rights on all outstanding issues.  This email is not intended to be a complete statement of the law or the facts.

Regards,
Matt



6

**J. Matthew Williams | Partner, through his professional corporation**
T: 202.355.7904 | mxw@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
1818 N Street NW, 7th Floor, Washington, DC 20036

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**Exhibit N**
**Page 105**